Per Curiam.

The question in this case is, whether the claim set up by the defendant, ought to have been received by the justice as a set-off against the plaintiff’s demand. The agreement, on the face of it, purports to be a contract between the plaintiff and defendant, and is expressed to be for value received. The. endorsement by Butler is a mere guaranty for the performance by the plaintiff below. There was, therefore, no ground, prima facie, for the allegation that the contract was not made between the parties to the suit, or that there was no consideration for it. The objection was not on the ground that the defendant did not prove the execution of the writing by the plaintiff: and he offered to prove the damages sustained by a breach of the contract. Indeed, the nature of the objection implied an admission of the contract, for it was alleged to have been made with Butler, and not with the defendant.
It is unnecessary to decide whether the testimony offered by the plaintiff to contradict or explain the written contract ought to have been received. The justice could not act upon his own knowledge of the verity of the facts; and this was the ground on which he excluded the evidence. The judgment, therefore, must be reversed.
Judgment reversed.
BXD OF MAY TERM.