Wynn and Another, Executors, *v.* Hiday.

To debt on a writing obligatory for the payment of money, the defendant pleaded that the obligation had been given for a pair of mill stones, fraudulently represented to be good, but which were of no value.

Held, that in this case, and in that of a breach of warranty, if, in addition to the fraudulent representations, or to the breach of warranty, the defendant prove that the article is of no value, or that it has been returned or tendered within a reasonable time, he defeats the action; but if it appear that the article is of some value and has not been returned or tendered, the plaintiff recovers the value.

| Blackford. |  |
|---|---|
| 2b | 123 |
| 160 | 231 |
| 160 | 232 |

ERROR to the *Madison* Circuit Court.—This was an action of debt brought by *L. Wynn, J. Wynn,* and *L. Abraham,* executors of *T. Wynn,* deceased, against *J. B. Hiday,* on a writing obligatory, executed by the defendant to the plaintiffs' testator for the payment of 62 dollars. Pleas, 1st, that the obligation was obtained by fraud, covin, and misrepresentation, to wit, by the testator's falsely and fraudulently representing to the defendant that he, the testator, owned a pair of good merchantable mill stones, and by selling them to the defendant; that the mill stones were not good and merchantable as represented, but wholly without value; 2ndly, that the obligation was obtained by fraud, covin, and misrepresentation,—omitting the circumstances of the fraud. Replication to the first plea, denying the fraud and the want of value; and issue. Replication to the second plea, that the obligation was duly obtained; and issue.

After the evidence was closed, the plaintiffs called on the Court to instruct the jury, that, under the pleas of a total failure of consideration, they could not find a partial failure. This instruction the Court refused. Verdict in favour of the plaintiffs for 2 dollars, and judgment accordingly.

Blackford, J.—According to the statute, the defendant may plead to an action on a specialty like the present, the want or failure of the consideration, or of any part of it. The plaintiffs contend, that where there is a plea of a total failure of consideration, under this statute, the whole plea must be proved, or the defence amounts to nothing. In this we think he is mistaken. If the defendant under his plea suitable to the case, of a total failure of consideration, prove, in addition to the fraudulent

representations, or to the breach of warranty, that the article is of no value, or has been returned, or tendered, within a reasonable time, he defeats the action. But where the article is worth something, and has not been returned or tendered, the plaintiff is entitled to the value. This we conceive to be the fair construction of the statute, and one which will prevent a multiplicity of law suits, and tend to the furtherance of justice (1).

*Per Curiam.*—The judgment is affirmed with costs.

*Fletcher*, for the plaintiffs.

*Sweetser*, for the defendant.

(1) R. C. 1824, pp. 294, 295. The act of 1831 is the same as that of 1824, and is as follows: "In any action founded upon any specialty or other contract (conveyances of real estate and instruments negotiable by the law merchant excepted,) the defendant, by special plea, may allege the want or failure of the consideration or any part thereof, of such specialty or other contract; and if any specialty or other contract (excepting as aforesaid) is alleged in any other stage of the proceedings, the other party may aver in answer and prove on trial, the want or failure of the consideration in the whole or part, of such specialty or other contract, and whenever such specialty or other contract shall be given in evidence, without being pleaded, the other party may (excepting as aforesaid) prove the want or failure of the consideration or part thereof, of such specialty or other contract." R. C. 1831, p. 405.

Assumpsit on a promissory note. Plea, non-assumpsit, except as to a certain sum, and as to that a tender. A notice was attached to the plea of matter intended to be given in evidence, viz. that the consideration of the note declared on was the making of a quantity of provision barrels by the plaintiff for the defendant, under an agreement to manufacture the same so that they would pass inspection under the law regulating the inspection of beef and pork; that a portion of the barrels were manufactured in an unskilful manner, and not in compliance with the terms of the contract, whereby the defendant lost the sale of the same. On the trial, the defendant offered to prove the facts set forth in his notice. The evidence was objected to, and the objection sustained. Verdict for the plaintiff. The Supreme Court, on a motion for a new trial, said, that in *Beecker* v. *Vrooman*, 13 Johns. R. 302, it is settled, that deceit in the sale of a chattel may be shown in bar, or in mitigation; and that the same principle would admit the defence in the case before the Court, except as to the amount paid into Court. New trial granted. *Spalding* v. *Vandercook*, 2 Wend. 431.

Assumpsit in the Common Pleas for, inter alia, 45 dollars, the stipulated price of a cooking stove. The defendant, on the trial, in pursuance of a notice attached to his plea, offered to prove that the plaintiff *warranted* the stove to draw and carry smoke well and to cook well, and that the stove did not draw and carry smoke well; that after every possible experiment made, it was found it would not draw; that the bottom plate was warped, and that the plates did not fit together; that the defendant took the stove to the plaintiff and offered to return it, but that the plaintiff refused to receive it back. It was not pretended that there was any *fraud* in the sale, but it was insisted that the evidence was admissible as a set-off of damages for the breach of the warranty, and to reduce the amount of the damages. The evidence was objected to, and the

objection sustained. The Court charged the jury, that the plaintiff was entitled to recover the price of the stove. Verdict and judgment for the plaintiff. The defendant took the cause to the Supreme Court by writ of error, and relied on *Spalding* v. *Vandercook*, 2 Wend. 431.—*Hills* v. *Bannister*, 8 Cowen; 31.—*Locke* v. *Smith*, 10 Johns. 250.— *Runyan* v. *Nichols*, 11 Johns. 547.—*Beecker* v. *Vrooman*, 13 Johns. 302.—*King* v. *Paddock*, 18 Johns. 141.—*Basten* v. *Butter*, 7 East, 479.— *Cormack* v. *Gillis*, cited in that case, and *King* v. *Boston*, there cited in a note. *Lewis* v. *Cosgrave*, 2 Taunt. 2.—*Fisher* v. *Samuda*, 1 Campb. 190.—2 Stark. Ev. 640, 644, 645.—*Miller* v. *Smith*, 1 Mason, 437.—*Curtis* v. *Hannay*, 3 Esp. R. 82.—*Jones* v. *Scriven*, 8 Johns. 453.—*White* v. *Ward*, 9 Johns. 232.—*Grant* v. *Button*, 14 Johns. 377. For the defendant in error were cited, *Howlet* v. *Strickland*, Cowp. 56.—*Weigall* v. *Waters*, 6 T. R. 488.—*Gordon* v. *Bowne*, 2 Johns. 150, 155.—*Hepburn* v. *Hoag*, 6 Cowen, 613.—*Sherman* v. *Ballou*, 8 Cowen, 304, 310.—*Duncan* v. *Lyon*, 3 Johns. Ch. R. 351, 357, 359.—*Livingston* v. *Livingston*, 4 Johns. Ch. R. 287, 292, 293.—*Weston* v. *Downes*, Doug. 23.—*Power* v. *Wells*, Cowp. 818.—*Towers* v. *Barrett*, 1 T. R. 133.—*Payne* v. *Whale*, 7 East; 274.—*Thornton* v. *Wynn*, 12 Wheat. 183.—*Tye* v. *Gwynne*, 2 Campb. 346.— *Farnsworth* v. *Garrard*, 1 Campb. 38, 40.—*Barnard* v. *Leigh*, 1 Stark. R. 43. The defendant in error contended, that it was necessary to show *fraud* to let in such a defence as was offered in this case.

The Court delivered an elaborate opinion in favour of the plaintiff in error, saying; that when the damages arising from a breach of a warranty in the sale of chattels had been allowed to be given in evidence, to reduce the amount of recovery below the stipulated price, the defence was admitted to avoid *circuity of action;* that a second litigation on the same matter should not be tolerated, where a fair opportunity could be afforded by the first to do final and complete justice to the parties; and that if a defence resting on such a principle was allowed, as they thought it was, in a case of a warranty *mala fide*, they saw no good reason for not allowing it in a case of a warranty *bona fide*. The authorities cited by the Court, not referred to by the counsel, were *Leggett* v. *Cooper*, 2 Stark. R. 103.—*Frisbee* v. *Hoffnagle*; 11 Johns. 50. Judgment of the Common Pleas reversed. *M'Allister* v. *Reab*, 4 Wend. 483. The defendant in error removed the case to the Court of Errors, where, after a full investigation, the judgment of the Supreme Court was affirmed. The opinion, expressed in the Court of Errors by the Chancellor, is, that it appeared to be settled in *England* that, when there has been a sale either upon a warranty as to the goodness of the article sold, or upon a fraudulent misrepresentation of its value, if a suit be brought on the original contract of sale, the defendant may, upon notice of such defence given with the general issue, prove the fraud or breach of warranty in mitigation of damages; and that the law was the same, according to the *New-York* decisions, although a bill or note be given for the purchase-money. *Reab* v. *M'Allister*, 8 Wend. 109. The authorities mentioned by the Chancellor in the case last-cited, not noticed in the cause before the Supreme Court, are *Evans* v. *Grey*, 12 Martyn's R. 478.—*Sample* v. *Looney*, 1 Overton's T. R. 85.—*Poulton* v. *Lattimore*, 4 Man. & Ry. R. 208. S. C. 9 Barn. & Cress. 259.

*Poulton* v. *Lattimore*, supra, was decided in 1829. It was an action of assumpsit to recover the contract price of a certain quantity of cinq foin seed, warranted to be good new growing seed. Plea, non-assumpsit. It was proved that the seed was not good growing seed; that the defendant had not returned it, but had sowed part and sold the residue; and that the part sold had proved wholly unproductive. Verdict for the defendant. *Littledale*, J.—"Where goods are warranted, the vendee is entitled, though he do not return them to the vendor, or give notice of their defective quality, to bring

May Term,
1828.

WYNN
v.
HIDAY.

an action for breach of the warranty; or, if an action be brought against him by the vendor for the price, to prove the breach of the warranty, either in diminution of damages, or in answer to the action if the goods be of no value." Judgment for the defendant.

The following case occurred in 1831:—Assumpsit for the price of a horse sold and delivered. Plea, non-assumpsit. Verdict for the defendant. Rule to show cause why the verdict should not be set aside, and a verdict entered for the plaintiff for 43*l.* The cases cited in support of the rule, not mentioned in the opinion of the Court, are *Fielder* v. *Starkin*, 1 H. Bl. 17.—*Parker* v. *Palmer*, 4 Barn. & Ald. 387.—*Hunt* v. *Silk*, 5 East; 449. Lord *Tenterden*, C. J.—"The facts of the case were these:— The plaintiff, on the 2d of *February*, sold the horse to the defendant for 43*l.*, with a warranty of soundness. The defendant took the horse, and on the same day sold it to *Bailey* for 45*l.* *Bailey*, on the following day, parted with it in exchange to *Osborne*; and *Osborne*, in two or three days afterwards, sold it to the defendant for 30*l.* No warranty appeared to have been given on any of the three last sales. The horse was, in fact, unsound at the time of the first sale; and on the 9th of *February* the defendant offered to return it to the plaintiff, who refused to accept it. The question for consideration is, whether the defendant, under these circumstances, had a right to return the horse, and thereby exonerate himself from the payment of the whole price?

"It is not necessary to decide, whether in any case the purchaser of a *specific chattel*, who, having had an opportunity of exercising his judgment upon it, has bought it, with a warranty that it is of any particular quality or description, and *actually accepted and received* it into his possession, can afterwards, upon discovering that the warranty has not been complied with, of his own will only, without the concurrence of the other contracting party, return the chattel to the vendor, and exonerate himself from payment of the price, on the ground that he has never received that article which he has stipulated to purchase. There is, indeed, authority for that position. (*Curtis* v. *Hannay*, 3 Esp. R. 82, and 2 Stark. Ev. 645, are here referred to.) It is, however, extremely difficult, indeed impossible, to reconcile this doctrine with those cases in which it has been held, that where the property in the specific chattel has passed to the vendee, and the price has been paid, he has no right, upon the breach of the warranty, to return the article and revest the property in the vendor, and recover the price as money paid on a consideration which has failed, but must sue upon the warranty, unless there has been a condition in the contract authorising the return, or the vendor has received back the chattel, and has thereby consented to rescind the contract, or has been guilty of a fraud, which destroys the contract altogether. *Weston* v. *Downes*, 1 Doug. 23; *Towers* v. *Barrett*, 1 T. R. 133; *Payne* v. *Whale*, 7 East, 274; *Power* v. *Wells*, Doug. 24, n.; *Emanuel* v. *Dane*, 3 Campb. 299, where the same doctrine was applied to an exchange with a warranty, as to a sale, and the vendee held not to be entitled to sue in trover for the chattel delivered, by way of barter, for another received. If these cases are rightly decided, and we think they are, and they certainly have been always acted upon, it is clear that the purchaser cannot by his own act alone, unless in the excepted cases above mentioned, revest the property in the seller, and recover the price when paid, on the ground of the total failure of consideration; and it seems to follow that he cannot, by the same means, protect himself from the payment of the price on the same ground. On the other hand, the cases have established, that the breach of the warranty may be given in evidence in mitigation of damages, on the principle, as it should seem, of avoiding circuity of action, *Cormack* v. *Gillis*, cited 7 East, 480; *King* v. *Boston*, 7 East, 481, n.; and there is no hardship in such a defence being allowed, as the plaintiff ought to be prepared to prove a compliance with his warranty, which is part of the consideration for the specific price agreed by the defendant to be paid.

"It is to be observed, that although the vendee of a specific chattel, delivered with a warranty, may not have a right to return it, the same reason does not apply to cases of executory contracts, where an article, for instance, is ordered from a manufacturer, who contracts that it shall be of a certain quality, or fit for a certain purpose, and the article sent as such is never completely accepted by the party ordering it. In this and similar cases the latter may return it as soon as he discovers the defect, provided he has done nothing more in the mean time than was necessary to give it a fair trial, *Okell v. Smith*, 1 Stark. N. P. C. 107; nor would the purchaser of a commodity, to be afte⬤ wards delivered according to sample, be bound to receive the bulk, which may not agree with it; nor after having received what was tendered and delivered as being in accordance with the sample, will he be precluded by the simple receipt from returning the article within a reasonable time for the purpose of examination and comparison. The observations above stated are intended to apply to the purchase of a certain *specific chattel*, accepted and received by the vendee, and the property in which is completely and entirely vested in him.

"But whatever may be the right of the purchaser to return such a warranted article in an ordinary case, there is no authority to show that he may return it where the purchaser has done more than was consistent with the purpose of trial; where he has exercised the dominion of an owner over it, by selling and parting with the property to another, and where he has derived a pecuniary benefit from it. These circumstances concur in the present case; and even supposing it might have been competent for the defendant to return this horse, after having accepted it, and taken it into his possession, if he had never parted with it to another, it appears to us that he cannot do so after the re-sale at a profit.

"These are acts of ownership wholly inconsistent with the purpose of trial, and which are conclusive against the defendant, that the particular chattel was his own; and it may be added, that the parties cannot be placed in the same situation by the return of it, as if the contract had not been made, for the defendant has derived an intermediate benefit in consequence of the bargain, which he would still retain. But he is entitled to reduce the damages, as he has a right of action against the plaintiff for the breach of warranty. The damages to be recovered in the present action have not been properly ascertained by the jury, and there must be a new trial, unless the parties can agree to reduce the sum for which the verdict is to be entered; and if they do agree, the verdict is to be entered for that sum. Rule absolute on the above terms." *Street v. Blay*, 2 Barn. & Adol. 456.