Nov. Term,<br>1839.<br><br>HOWARD<br>v.<br>CADWALADER.

---

Saturday,<br>November 23.

---

HOWARD and Others v. CADWALADER.

5b 225<br>Case 2<br>160  231<br>160  232

Debt on a sealed note for the payment of money against the maker. Plea, that the note was given for the price of fourteen volumes of a certain medical work sold by the plaintiff to the defendant; that by a false and fraudulent warranty that the "work was an improved system of one *Samuel Thompson's* system of botanic medicine," the plaintiff induced the defendant to make the purchase; that the work so purchased was not an improved system of said *Thompson's* system of botanic medicine; that the plaintiff "therein knowingly deceived and defrauded" the defendant; and that said books were of no value to the defendant, by reason of the said work not being an improved system of said *Thompson's* system of botanic medicine. *Held*, on general demurrer, that the plea was insufficient.

VOL. V.—29

Nov. Term, 1839.

HOWARD
v.
CADWALADER.

Saturday, November 23.

APPEAL from the *Washington* Circuit Court.

DEWEY, J.—This was an action of debt by the appellants against the appellee, founded upon a sealed note. The third plea alleges, that the note was given in consideration of the sale and for the price of fourteen volumes of a certain medical work, sold by the appellants to the appellee; that by a false and fraudulent warranty that the "work was an improved system of one *Samuel Thompson's* system of botanic medicine," the appellants induced the appellee to make the purchase; that the work so purchased was not an improved system of said *Samuel Thompson's* system of botanic medicine; and that the appellants "therein knowingly deceived and defrauded" the appellee. The plea further avers, that the fourteen volumes of books were of no value to the appellee, "by reason of the said medical work not being an improved system of said *Samuel Thompson's* system of botanic medicine." General demurrer to this plea; demurrer overruled, and judgment for the appellee.

In pronouncing upon the validity of the plea, we are not called upon to decide, whether, upon the breach of a warranty as to the quality of a specific chattel transferred from one owner to another by an absolute sale, the vendee can avoid paying the contract price by an offer to return the chattel. No averment of any attempt to return the books, for the price of which the note named in the declaration was given, is made in the plea under consideration. An allegation that the books were of no value at all would have made the plea good under our statute, as showing an entire failure or want of consideration. *Wynn et al.* v. *Hiday*, 2 Blackf. 123, and note.' But the plea contains no such allegation. The averment that the books were of no value to the appellee, because they did not contain an improvement of *Thompson's* system of botanic medicine, does not show that they were entirely without value for any purpose, and absolutely worthless. We think, for this reason, that the plea considered as a defence on the ground of a total failure or want of consideration, is defective. It is equally invalid if viewed as a plea of fraud. Where there has been fraud on the part of the vendor, in the sale of goods, an offer by the vendee to return them in reasonable time, constitutes a good defence

against an action for their price. *Wynn et al.* v. *Hiday*, and note, above quoted. But this plea, as already observed, contains no allegation of an offer to return the books.

*Per Curiam.*—The judgment is reversed, and the proceedings under the third plea subsequent to the joinder in demurrer set aside, with costs. Cause remanded, &c.

*G. G. Dunn* and *J. Rowland,* for the appellants.
*H. P. Thornton,* for the appellee.