Blackford, J.
This was an action of assumpsit in which Wadleigh was the plaintiff, and The President and Trustees of t he Town of Connersville were the defendants. The declara-i ion contained four counts. The first was on a promissory note, ¡..lleged to have been given by-the defendants to the plaintiff in consideration of the sale, by the latter to the former, of > fire-engine. The other counts were for the price of a fire-«ngine, alleged to have been sold and delivered by the plaintiff io the defendants.
Pleas to all the counts: 1, Non assumpsit, without oath. ", That the engine named in the declaration was warranted to work and perform well, &c.; but that it would not work and perform well, &c., and was of no value; that the consideration had therefore failed. 3, This plea was similar to the second, except that instead of averring that the engine was of no value, it alleged a notice to the plaintiff of its defects, and a request to him to take it away. 4, That the engine mentioned in the declaration was wholly useless and of no value whatever, wherefore the consideration had failed. 5, This plea is similar to the third. 6, The defendants say, there is no body corporate and politic known and designated by the name and style of The President and Trustees of the Town of Connersville; and this they are ready to verify. General demurrers to the fourth and sixth pleas, and the demurrers sustained. Replication to the second, third, and fifth *pleas, that the engine did work and perform well, &c.; and that therefore the consideration had not failed in manner and form, &c.
On the trial, the plaintiff gave the note in evidence, and the defendants introduced evidence tending to prove the truth of the pleas replied to. But what other testimony, if any, was *318 given in the cause, the record does not inform us. The Court instructed the jury as follows: “The only question under the issue in this cause, submitted for your determination, is, whether this engine worked and performed well, and whether it answered the purposes of a fire-engine, &c. ■_ If it did, your verdict should be for the plaintiff for the amount of the note and interest,” &o. Verdict and judgment for the plaintiff.
The fourth plea is bad, because it does not state either that the engine was warranted, or that there was a fraud in the sale. Wynn et al. v. Hiday, 2 Blackf., 123; Phillips et al. v. Bradbury, 3 Id., 388; Kernodle v. Hunt, 4 Id., 57. It is true, that where an article is sold by the manufacturer for a particular purpose, the buyer, in a suit for the price, may show a defect in the article in order to reduce the amount to be recovered; but the reason that he can do so is, there is always, in such sale, an implied warranty, that the article is fit and proper for the purpose for which it was purchased. Jones v. Bright, 5 Bingh., 533; 2 Stark. Ev., 1239. But in such cases, a warranty that the article was fit for the purpose to which it was to be applied, must be set out in the plea in the same manner as if there had been an express warranty to that effect.
The sixth plea is also bad. It amounts to this, that “ The President and Trustees of the Town of Connersville” say there are no such persons as “ The President and Trustees of the Town of ConnersvilleThe admission in one part of the plea destroys the effect of the denial in the other.
The instruction to the jury is erroneous. The general issue being filed as well as the special pleas, there was no such admission on the record of the allegations in the- declaration, as would excuse the plaintiff from proving them to the satisfaction of the jury. Wheeler v. Robb, 1 Blackf., 330. The Court, by informing the jury that the only question for them to determine was whether the engine performed well, *&c., must be understood as informing them that the matter charged in the declaration was proved, and that the general issue presented no question for their determination. In that the Court was mistaken. Whether the *319 matter so charged was proved or not, was as much a question for the jury to determine, as the other question named by the Court. Even if the instruction be considered as referring only to the first count, the objection to it still remains; for though the note was produced on the trial, and its execution not denied, yet the question whether the plaintiff ought to recover on the first count, under the general issue, though the engine performed well, &c., however plain that question might be, was for the jury and not for the Court to determine.
C. JB. Smith and J. S. Newmcm, for the plaintiffs.
S. W. Parker and C. H. Test, for the defendant.
It may be that the verdict is right according to the evidence, and that therefore the defendant was not injured by the erroneous instruction; but we have no means .of ascertaining whether that is so or not, as the record does not purport to contain all the evidence.
Per Curiam,—The judgment is reversed with costs. Cause remanded, &c.