## MULLIKIN and Another *v.* LATCHEM.

Covenant on a sealed note brought by an assignee against the maker. Pleas, 1. Failure of consideration, without showing what the consideration was, and how it had failed; 3. That the note was given in part consideration of a deed made by the payee of the note, by which he sold the defendant the exclusive right of making, &c., an alleged new and useful improvement in the machine for steaming and renovating feathers, for which a patent had been granted, &c.; that the payee of the note had no authority to sell, &c., because the assignment of the patent to him by the assignee of the patentee had not been recorded, &c.; 4. That the payee of the note warranted that said machine would greatly improve old feathers, &c., when in truth it does not improve them, &c. 5. The same as the 4th, with the additional averment that the payee of the note knew that the machine would not improve old feathers, &c., and that by means of said false representations the defendant was induced to purchase the machine. *Held,* that the 1st, 4th, and 5th pleas were bad, and that the 3d was good.

*Tuesday,
June 4.*

ERROR to the *Fayette* Circuit Court.

SULLIVAN, J.—This was an action of covenant by *Latchem,* assignee of *Cummins, Wright,* and *Cole,* against the plaintiffs in error on an instrument of writing under seal for the payment of 106 dollars in current bank paper. The pleas were, 1. Failure of consideration; 2. That the writing obligatory in the declaration mentioned, was executed by defendants in part consideration of a certain deed made by *Cummins, Wright,* and *Cole,* by which they granted, sold, and conveyed to the defendants their heirs, &c., the exclusive right of making, using, and vending to others to be used within the counties of *Jay,* &c., in the state of *Indiana,* an alleged new and useful improvement in the machine for steaming and renovating feathers, for which letters patent had before that time been granted by the *United States* to *B.* and *A. Todd,* and for no other consideration whatever; that said *Cummins, Wright,* and *Cole,* had no authority to make or use said improvement,

or vend the same to others to be used, &c., wherefore, &c. <span style="float:right">May Term, 1844.</span> The third plea avers the consideration of the instrument of writing sued on to be as stated in the second plea, and alleges <span style="float:right">MULLIKIN</span> that at the time of said sale, *Cummins*, *Wright*, and *Cole*, <span style="float:right">v.<br>LATCHEM.</span> had no authority to sell, &c., because the assignment of the patent for said improvement to *Cummins*, *Wright*, and *Cole* by *Bailey*, the assignee of the patentee, had not been recorded in the office of the secretary of state of the *United States*. The defendants pleaded, fourthly, that before and at the time of the sale of said patent right, the assignors of the plaintiff warranted that said machine would greatly improve old feathers and make them as good as new when renovated by it, when in truth it does not improve them, nor make them as good as new, &c.; 5. The same facts stated as in the fourth plea, with the additional averment that the plaintiff's assignors well knew that said machine would not improve old feathers and make them as good as new, and that by means of said false representations, the said *Mullikin et al.* were induced to purchase said machine. To the second plea the plaintiff replied that *Cummins*, *Wright*, and *Cole*, had authority to make and use said improvement, and to vend the same to others to be used, &c., and filed general demurrers to the first, third, fourth, and fifth pleas. The Court sustained the demurrers, and the issue on the second plea was, by consent of parties, tried by the Court, and judgment given for the plaintiff.

The demurrers to the first, fourth, and fifth pleas were correctly sustained. The first plea was deficient in not showing what the consideration of the contract was, and how it had failed. A plea of the failure of consideration should do both.

The fourth and fifth pleas did not present a bar to the whole action. The matter set up in those pleas would be available, under a proper issue, in mitigation of damages, but to constitute a defence to the suit, it should have been averred in addition to the matter stated, that the property for which the note was given was of no value, or that it had been returned or tendered to the vendor. This point was decided by this Court in *Howard* v. *Cadwalader*, 5 Blackf. 225.—*Vide*, also, *Wynn* v. *Hiday*, 2 Blackf. 123, and note.

The Court erred in sustaining the demurrer to the third

plea. That plea states that the assignment of the patent right from *Bailey*, who was the assignee of the original inventors, to *Cummins*, *Wright*, and *Cole*, had not been recorded in the office of the secretary of. state of the *United States*. We have decided that the act of congress of *Feb.* 21, 1793, requires an assignment by the patentee to be recorded in the secretary's office to give validity to the title of the assignee. *Higgins* v. *Strong et al.* 4 Blackf. 182. The act also requires each successive assignment to be so recorded to give validity to the title of subsequent purchasers. Unless therefore the assignment to *Cummins*, *Wright*, and. *Cole*, from *Bailey*, who was the assignee of the patentee, be recorded, the former acquired no right to the thing sold, and can transfer none. For these reasons we are of opinion that the third plea was sufficient to bar the action.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*J. A. Fay* and *J. S. Newman*, for the plaintiffs.

*C. H. Test*, for the defendant.