## CLIFFORD and Others *v.* Smith.

Debt on a penal bond. The conditions were that the obligee had leased to the obligors a steamboat for a specified term, with her tackle, &c., for a sum named—the obligors to have the control of the boat during the term, and to return her, with her fixtures, at *E.*, in as good condition, &c., reasonable wear excepted. The lessees were to pay the expenses of the boat during the term. If the boat should be stopped for debts previously contracted, the lessees were to be discharged as to rent, &c., but if destroyed while in the lessees' possession, then, besides paying the rent, they should also pay a sum specified for the boat. On the performance of these conditions, the bond was to be void. The obligee warranted the boat to be sound, seaworthy, and to contain the necessary apparel, &c. *Held,* that the covenants in the condition of the bond were not dependent.

The first breach assigned was, that the obligors did not return the boat in as good condition, &c., whereby the obligee was obliged to expend 2,000 dollars in repairing her, &c. A plea to this breach set up, that though the boat was not in some respects in as good condition when returned as she was, &c., yet in others she was in a better condition, &c. *Held,* that the plea was bad either on special or general demurrer.

Another plea to the same breach averred that the obligor was not compelled to expend 2,000 dollars, &c. *Held,* that the plea was no answer to the substantial part of the breach.

Nov. Term,
1853.
———
CLIFFORD
v.
SMITH.

*Held,* also, that the defendants could not set up by plea that the boat when received by them was not in good repair, &c.

*Held,* also, that they would not be excusable for taking the boat into dangerous waters, for the navigation of which she was not properly equipped.

*Held,* also, that after having used the boat a month and snagged her, it was too late to set up that she was not properly fitted, &c., for navigation, and was of no value.

In a suit upon a bond, a contemporaneous verbal agreement or understanding different from its stipulations, cannot be set up in bar.

Where payment is pleaded, the burden of proving the plea is upon the defendant.

Wednesday,
November 30.

ERROR to the *Vanderburgh* Circuit Court.

STUART, J.—Debt on a penal bond by *Smith* against *Clifford* and others. The issues of fact were submitted to a jury. Verdict for 2,000 dollars. Motion for a new trial overruled, and judgment on the verdict. The evidence is all in the record.

The bond, in the penalty of 5,000 dollars, has the following condition, the recital of which will tend to throw light on the subsequent pleadings, viz., that whereas *Smith* had that day leased the steamboat *DeKalb* for three months from *January* 19, 1848, together with all her tackle, &c., for 1,000 dollars, payable in three equal monthly instalments, for which *Clifford & Co.* had given their three notes—*Clifford & Co.* to have the whole control of the boat during the lease, and to return her with all her fixtures at *Evansville*, in as good condition, &c., reasonable wear excepted. The lessees to pay all the expenses of the boat during the period of the lease. Should the boat be stopped for debts previously contracted, *Clifford & Co.* to be discharged as to the rent, &c.; but if she were destroyed while in the possession of *Clifford & Co.*, then, in addition to the rent, that they should pay 4,000 dollars more for the boat. On the performance of these conditions, the bond was to be void. *Smith*, on his part, warranted the boat perfectly sound and seaworthy, and in good running order, and that she contained all the necessary tackle, apparel, &c.

The breaches assigned were—

1. That *Clifford & Co.* did not return the boat in as good condition, &c.

2. That the boat was destroyed, but the lessees did not pay the 4,000 dollars.

3. That the lessees had failed to pay two months' rent, amounting to 666 dollars.

4. That the lessees had not paid the current expenses, &c., but suffered her to be attached and sold.

5. That they failed, &c., to return the boat.

Of the twelve pleas filed, four were addressed to the first breach, three to the third breach, one to the second breach, and two pleas to each of the fourth and fifth breaches.

Issues of fact were formed on the plea to the second breach; on the second plea to the third breach; and on the first plea to the fifth breach. To the other pleas demurrers were sustained.

The ruling of the Court on the demurrers is the first error complained of. The first plea to the first breach sets up, that though the boat was not in some respects in as good condition when returned as she was, &c., yet in other respects she was in a better condition, &c. This plea does not seem to tender any traversable issue. And if it did, the doctrine of compensations which it necessarily assumes is not tenable. At least no authority has been cited in its support. The causes assigned in the special demurrer are well taken; and it is bad also on general demurrer.

The second and third pleas to the first breach, the third plea to the third breach, and the first plea to the fourth breach, set up in bar a contemporaneous verbal agreement or understanding different from the stipulations in the bond. The demurrers to these pleas were properly sustained. *Jacobs* v. *Finkel*, 7 Blackf. 432, and the numerous authorities there cited from our own reports.

The fourth plea to the first breach avers, that *Smith* was not compelled to expend 2,000 dollars, &c., and is no answer to the substantial part of the breach.

The first plea to the third breach, the second plea to

the fourth breach, and the second plea to the fifth breach, each set up a variety of matters bearing no supporting connection, and no one of which constitutes separately a bar to the breach to which it is addressed. Among other things it is erroneously assumed, that the covenants in the condition of the bond are dependent. *Bryan v. Fisher*, 3 Blackf. 316. Regarded as pleas setting up failure of consideration, they are equally defective. *Wynn* v. *Hiday*, 2 Blackf. 123. *Clifford & Co.* were not compelled to accept the boat if she was not in proper repair. Nor would they be excusable for taking her into dangerous waters, for the navigation of which she was not properly equipped. After they had used her a month and snagged her, it was too late to set up that she was not properly fitted and furnished for navigation, and of no value. *Howard* v. *Cadwalader*, 5 Blackf. 225.—*Garrett* v. *Heaston*, id. 349.—*Mullikin* v. *Latchem*, 7 id. 136.

Some objection was taken to the course of evidence on the trial, because *Smith* did not produce the notes given for the rent of the boat, to support the third breach, or rather, it would seem, to disprove the plea of payment filed. But aside from the consideration that *Smith* had not sued on the notes, the proof of the plea of payment devolved on *Clifford*. Had a presumption of payment been raised, *Smith* might have used the notes to rebut. There is nothing, however, in the objection; for the record in this case would be an effectual bar to a recovery on the notes.

It remains but to consider the alleged error of the Court in overruling the motion for a new trial. After a careful examination of the evidence, which is all in the record, we think the verdict a very fair deduction from it, and the motion for a new trial correctly overruled.

*Per Curiam.*—The judgment is affirmed, with 2 per cent. damages and costs.

*J. G. Jones*, for the plaintiffs.

*C. Baker* and *J. E. Blythe*, for the defendant.