Nov. Term, 1854.

Bischof v. Lucas.

*J. P. Usher*, for the plaintiff.

*G. G. Dunn*, for the defendant.

---

### Bischof *v.* Lucas.

In a suit by the assignee against the maker of a note, given for the price of goods sold to the defendant under false and fraudulent representations, the latter, if he did not return or offer to return the goods in a reasonable time, is liable for their value.

A person who not being a judge of an article himself, nor professing to be, purchases it, confiding in the representations of the seller as to its quality, and gives a note for the price, may show, in an action upon the note, the inferior quality of the article, in order to reduce the recovery.

A payment made upon a note after suit brought, is admissible in evidence to reduce the damages.

*Thursday, December* 14.

ERROR to the *Greene* Circuit Court.

STUART, J.—This case is similar to the preceding one of *Bischof* v. *Coffelt, ante,* p. 23. Here, however, the general issue is not sworn to. Trial by the Court. Finding and judgment for the defendant, *Lucas.*

The evidence is all properly in the record, which, by agreement, is composed partly of the evidence given to the jury in the other case.

The note sued upon was given to *Billingheimer*, for a parcel of the "*French* broadcloth" spoken of in the *Coffelt* case. A series of similar misrepresentations were made as to the character and value of the cloth.

The same kind of evidence in relation to other sales made to other persons, but of which *Lucas* in this case, like *Coffelt* in the former, had no knowledge, was permitted to be given. Of course these transactions had no influ-

ence on the purchaser. For the reasons given in the pre-
ceding case, it was error to admit them.

The only other new element in this case to distinguish
it from that, is the introduction of evidence to show that,
after suit brought, the defendant had paid 40 dollars or so.
This matter we conceive stands thus. The defendant hav-
ing kept the cloth, neither returning nor offering to return
it in a reasonable time, was bound to pay for it. In de-
fence he could show a partial failure of consideration, on
account of the inferior quality of the cloth. This defence
grew out of the fact that, not being a judge of the article
himself and not pretending to be, he confided in the repre-
sentations of the payee of the note. He was, however,
liable to the assignee for whatever the cloth was worth.
If after suit brought he had paid the note or any part of
it, he had a right to show that fact, not in bar, but in miti-
gation of damages. In the case of *The Bank* v. *Brackett*,
4 N. H. 557, the course of decision on this point is fully
investigated, and it is held that payment after suit brought
is admissible in evidence to reduce the damages. Numer-
ous decisions are there cited to that effect.

In *Bischof* v. *Coffelt*, the evidence in relation to the exe-
cution of the note warranted the jury in finding a verdict
for the defendant. And the note being out of the way,
the assignee could not recover on the common counts for
the value of the cloth.

Here the note is valid, subject only to the effect of a
defence of partial failure of consideration. On the former,
the evidence erroneously introduced could have had no in-
fluence. The verdict was right independent of it. On the
latter the tendency was to mislead, and to excite prejudice.

*Per Curiam.*—The judgment is reversed with costs.
Cause remanded, &c.

*J. P. Usher*, for the plaintiff.

*G. G. Dunn*, for the defendant.