## LOVE *v.* OLDHAM.

RESCISSION OF CONTRACT—FRAUD.—If a purchaser of property desires to rescind a contract for fraud, practiced by the seller, he must show a return of the property, or an offer to return it, or that it was of no value whatever.

SAME—BREACH OF WARRANTY.—But a rescission of the contract is not the only remedy of such purchaser. If fraud has been practiced, or there has been a breach of warranty, he may stand to the bargain and recover damages for the fraud, or he may rescind the contract and return the thing bought, and receive back what he paid or sold.

SAME—PLEADING.—A purchaser of property may set up fraud, or breach of warranty, as a defence to an action against him for the purchase money, and if the injury sustained is equal or greater than the amount of the purchase money, unpaid, he may defeat the action entirely; if the injury is less it will go in reduction of the plaintiff's claim.

SAME—COUNTER CLAIM.—Under the code, a defendant may set up fraud or breach of warranty, by way of counter claim, and not only defeat the action, but recover against the plaintiff any damage greater than the plaintiff's claim.

APPEAL from the *Decatur* Common Pleas.

WORDEN, J.—Action by *Love* against the appellee on a promissory note. Judgment for the defendant below.

The appellant and the appellee each owned a jackass. The parties exchanged these animals with each other, and *Oldham* was to give *Love* 400 dollars for the supposed difference in their value. Accordingly *Oldham* executed to *Love* four several promissory notes, each for the sum of 100 dollars. On one of these notes this suit was brought. *Oldham* answered in three paragraphs, alleging, in substance :

1. A warranty and false representations on the part of *Love* as to the quality and capacity of the jack traded by him to

the defendant, and a breach of the warranty and the falsity of the representations.

2. By way of counter claim, a warranty and false representations, claiming damages in the sum of 500 dollars.

3. Fraud in making false representations, &c.

Each of these paragraphs was demurred to, but the demurrer was overruled and exception taken. The ground of demurrer to each paragraph was that it did not state facts sufficient, &c. Replication in denial; trial, verdict and.judgment for the defendant for the sum of 100 dollars.

The evidence is not set .out, nor is any question made here except as to the ruling on the demurrer to the several paragraphs of the answer.

The objection to the answer is thus stated in the appellant's brief: " The averment is that the animal was represented to be of value for certain specified purposes, and that he was not good for those purposes; and does not show a return of the property, or an offer to return it; or that it was wholly without value, and the pleadings are therefore defective." The following authorities are cited in support of the position: *Wynne* v. *Hiday*, 2 Blackf. 123; *Howard* v. *Cadwalader*, 5 Blackf. 225; *Garrett* v. *Heaston*, *id.* 349; *Mulliken* v. *Latchen*, 7 Blackf. 136; *id.* 501; *Hardesty* v. *Smith*, 3 Ind. 39; *Cooley* v. *Hampsen*, 4 Ind. 455; *id.* 378; 6 Ind. 26.

We think it clear enough that where there has been a fraud praticed upon a purchaser of property, if he would rescind the contract on that ground he must show a return of the property, or an offer to return it, or that it was of no value whatever, in order that the other party may be placed in *statu quo*. But where there has been such fraud practiced, or where there has been a breach of warranty, a rescission of the contract is not the only remedy of the purchaser. " A party defrauded in a contract has his choice of remedies. He may stand to the bargain and recover damages for the fraud, or

he may rescind the contract, and return the thing bought and receive back what he paid or sold." 2 Kent Com., 10th ed., p. 664, note a; *vide,* also, notes to *Chandler* v. *Lopus,* 1st. Smith's Lead. Ca., 3d ed., top pp. 189, 190. The cases before cited from our own reports are in no wise in conflict with the latter proposition.

It seems equally well settled by the authorities that where there is a fraud in the sale of goods, or a breach of warranty, the purchaser may set it up as a defence in an action against him for the purchase money. If the injury sustained by the purchaser in consequence of the fraud or breach of warranty, be equal or greater than the amount of the purchase money unpaid, he may defeat the action entirely. If the injury be less, it will go in reduction of the plaintiff's claim. See cases collected on this subject in Perk. Dig., p. 728, § 37; p. 788, § 26.

And under the code a defendant may undoubtedly set up, by way of counter claim, such fraud or breach of warranty, and not only defeat the action, but recover against the plaintiff any damages greater than the plaintiff's claim, as was done in this case. The objection made to the pleading in question we think not well taken.

*Per Curiam.*—The judgment below is affirmed, with costs.

*Thomas A. Hendrick, Oscar B. Hord* and *C. Ewing,* for the appellant.

*Samuel A. Bonner,* for the appellee.