## SMITH ET AL. *v.* BORDEN.

[No. 20,022. Filed March 12, 1903.]

APPEAL AND ERROR.—*Record.*—*Assignment of Error.*—Where the record on appeal discloses that plaintiffs demurred separately and severally to the second, third, and fourth paragraphs of answer, and that the demurrer was overruled as to the second and fourth but is entirely silent in respect to the ruling on the third paragraph, an assignment that the court erred in overruling the demurrer to the second, third, and fourth paragraphs of answer presents no question for decision. *p. 224.*

SAME.—*Motions.— Record.—* A motion to strike out which is not made a part of the record by bill of exception or order of court can not be considered on appeal. *p. 225.*

SAME.—*Waiver.*—Questions not discussed are waived. *p. 225.*

SALES.—*Warranty.—Breach.—Pleading.*—An answer to a complaint in an action on a promissory note given for the purchase money of a windmill alleged that plaintiffs expressly represented the windmill to be of such a quality, character, and capacity that under the force of a moderate wind it would grind from twenty to thirty bushels of grain per hour, and under a very light wind would pump an abundance of water; that defendant was ignorant in respect to its qualities and merits and believed the representations to be true, and was induced thereby to purchase the same; that it was not of the quality, character, or capacity as represented, and neither performed, nor was it capable of performing, the work which plaintiffs represented it would do; that it was worthless for any of the purposes for which it was sold, and wholly worthless to defendant for any purpose; that defendant repeatedly notified plaintiffs of its worthless condition and failure to operate and requested them to remove it from his premises, and still offers

to permit them to remove it from his premises. *Held,* that the answer pleaded a warranty of the property sold, and a breach thereof, and states facts sufficient to bar the action on the note. *pp. 225–232.*

From DeKalb Circuit Court; *E. D. Hartman,* Judge.

Action by Kirk A. Smith and others against Reuben A. Borden on a promissory note. From a judgment for defendant, plaintiffs appeal. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*Willis Rhoads,* for appellants.

*R. W. McBride, C. S. Denny* and *J. W. Baxter,* for appellee.

JORDAN, J.—Action by appellants to recover of appellee on a promissory note executed by him for the sum of $240. Answer in four paragraphs. Reply thereto. On the issues joined there was a trial by jury, and a verdict returned in favor of the defendant—appellee herein—and over the plaintiffs' motion for a new trial judgment was rendered that the defendant recover costs of the plaintiffs, and the latter were awarded, by the judgment, a return of the property sold by them to the defendant.

Appellants rely for a reversal on the assignments that the court erred: (1) In overruling their demurrer to the second, third, and fourth paragraphs of the answer, the latter paragraph being in the nature of a counterclaim; (2) in denying their motion to strike out and reject said third paragraph.

While the record discloses that appellants demurred separately and severally, for insufficiency of facts, to each of these paragraphs of answer, nevertheless it discloses only that the demurrer was overruled as to the second and fourth, but is entirely silent in respect to the ruling thereon in regard to the third paragraph; hence we are not apprised as to the ruling thereon in respect to said paragraph. Under the circumstances, therefore, there is no ruling or decision of the lower court upon which appellants can

properly predicate their second assignment of error, and it must follow that the questions which they seek to present for our consideration under that assignment can not be considered.

The alleged error of the court in denying the motion to strike out and reject the third paragraph of the answer must be dismissed, without consideration, for two reasons: (1) The motion has not been made a part of the record by a bill of exceptions, or by order of court; (2) counsel for appellants have virtually failed to present any argument to establish the fact that in denying the motion the court committed an error.

The first paragraph of the answer admits the execution of the note in suit, but alleges that it was executed by the defendant without any consideration whatever. The second also admits its execution, but avers that it was executed for no other or different consideration than the purchase price of a wind-wheel, and the attachments thereto, sold by the plaintiffs to the defendant for the particular purpose of furnishing power to pump water and to grind grain for domestic use, in order to supply the stock on defendant's farm with food and water. It is shown that the plaintiffs at the time they sold said wheel to the defendant represented and stated to him that the wheel, together with the attachments connected therewith and belonging thereto, was in perfect condition for the purposes for which it was sold, and was especially adapted to perform such work; that the wheel and its attachments, when put up and connected together, would constitute a first-class and complete machine to grind grain and pump water sufficient to supply water and food for stock; that it was a machine of such quality and character that under the force of a moderate wind it was capable of furnishing power to grind from twenty to thirty bushels of grain for stock food each and every hour it was operated; that with a very light wind in a short time the machine could and would pump

an abundance of water, sufficient for all of the needs of the defendant, and that it was a first-class machine for the aforesaid uses and purposes. It is further shown that the defendant, at the time he purchased the wheel or machine of the plaintiffs, was ignorant of the character or nature of such machines, and especially was he ignorant of the merits and qualities of the one in question. He believed the aforesaid representations and statements made by the plaintiffs in regard to this machine, and relied upon them as true, and was thereby induced to purchase said wheel or machine from plaintiffs, and permit them to deliver it to him, and to execute the note in suit for $240, the purchase price thereof. Facts are alleged which go to negative the representations and statements as made by the plaintiffs in respect to the wheel, and it is disclosed that when the machine was put in operation it did not conform to or satisfy the aforesaid representations and statements made by the plaintiffs in regard thereto; that it was not first-class and complete for any of the aforesaid purposes for which it was sold to the defendant. After the plaintiffs had placed or erected it on defendant's premises, it failed to operate so as to pump water for stock or for any other purpose. Under the force of a very hard and strong wind it pumped only a very small stream or quantity of water, not sufficient to furnish the defendant's stock with water; that under the force of a moderate wind it failed to grind twenty to thirty bushels of grain per hour, as the plaintiffs had stated and represented it would, but required the force of a very high and strong wind to enable it to grind from one to two bushels of grain per hour. It is averred that the machine is wholly worthless for any of the aforesaid purposes for which it was sold to the defendant, and that it is utterly worthless to him for any purpose, and that he has frequently notified the plaintiffs of its worthless character and condition. On several different occasions plaintiffs sent their agents and employes to repair or adjust the wheel

in order to make it perform the work which they had represented and stated to defendant it would perform, but each time they wholly failed to make the machine do the work which they had represented it would perform, and each time left it with the defendant in a worthless condition. Thereupon the defendant notified plaintiffs to take, detach, and remove said wheel, together with all of its attachments, from his premises, and in the pleading in question he continues to make the offer to return the machine to the plaintiffs, and requests that they take possession thereof and remove it from his premises. Wherefore it is averred that the consideration of the note in suit has failed, and he prays judgment for costs.

Counsel for appellants contend that the facts, as averred in this paragraph, are neither sufficient to establish a warranty nor such a breach thereof as show an entire failure of the consideration of the note in suit. It is claimed that the answer is neither sufficient to defeat a recovery on the note, upon the ground that there was a warranty of the machine in question, nor upon the ground of fraud in the sale thereof. In the latter contention—that the paragraph is not sufficient on the grounds of fraud—we fully concur. If it can be upheld on demurrer it must be for the reason that under its averments an express warranty of the property and a breach thereof are shown. Inasmuch as the paragraph is pleaded in bar of the entire cause of action, the facts therein set up or averred must be such as show or establish an entire failure of the consideration for which the note was executed; otherwise the pleading must be held bad on demurrer. The paragraph in dispute is by no means a model pleading, nor can it be said to have been drafted in an orderly method, and possibly it would be subject, at least, to a motion to make some of its averments more specific and certain, for to an extent they may be said to be vague and uncertain, but not to such a degree as to render it bad on demurrer.

Under the provisions of our civil code, the rule is well settled that a court in construing a pleading is not required to construe it most strongly against the pleader, but, in order to promote substantial justice between the parties, a liberal construction will be given. In determining the sufficiency of a pleading, we must consider it in regard to its general scope and as an entirety. §379 Burns 1901, §376 Horner 1901; *Stone* v. *State, ex rel.,* 75 Ind. 235; *Dickensheets* v. *Kaufman,* 28 Ind. 251; *Dale* v. *Thomas,* 67 Ind. 570; 4 Ency. Pl. & Pr., 746-749.

Under the facts outlined in the paragraph in controversy it may be said to proceed fairly upon the theory that there was an express warranty upon the part of the plaintiffs in respect to the wind-wheel or machine which they sold to the defendant, and such a breach thereof as breaks down or defeats the plaintiffs' right of recovery, upon the ground that the consideration of the note is shown to have wholly failed. While it is true that the term "warrant" is not shown to have been employed by the plaintiffs in regard to the machine, nevertheless the representations and statements which they are shown to have made in respect thereto are, in our opinion, sufficient to constitute an express warranty. While the word "warrant," especially where the contract of sale of the chattel is reduced to writing, is most generally and appropriately used, still the term is not absolutely necessary to express a warranty by the seller, for the rule is well settled that in sales of personal property no particular form of words is essential to establish or constitute a warranty. Any positive representation, assertion, or affirmation, made by the seller during the pendency of the negotiations for the sale, not the mere expression of an opinion or belief, which fairly expresses the intention of the seller to warrant the article or property sold to be what it is represented, will constitute an express warranty. *Jones* v. *Quick,* 28 Ind. 125; *Bowman* v. *Clem-*

*mer,* 50 Ind. 10; *Conant* v. *National State Bank, etc.,* 121 Ind. 323; 28 Am. & Eng. Ency. Law, 747, 748.

At the time of the sale of the wind-wheel the plaintiffs are shown to have represented and stated to the defendant that it was a first-class machine, and in perfect condition, and especially adapted or capable of performing the work for which it was sold, and for which the defendant intended to use it. They expressly represented it to be of such a quality, character, and capacity that under the force of a moderate wind it would grind from twenty to thirty bushels of grain per hour, and under a very light wind it would pump an abundance of water. Defendant, as it appears, was ignorant in respect to its qualities and merits, and believed the representations and statements made by the plaintiffs in regard thereto to be true, and relied thereon, and was thereby induced to purchase the wheel, and permit the plaintiffs to deliver and place it on his premises for operation. Facts are alleged which show that it was not of the quality, character, and capacity as represented; that it neither performed nor was it capable of performing the work which the plaintiffs represented and assured the defendant it would do. It is averred that in fact the machine is worthless for any of the purposes for which it was sold, and utterly worthless to the defendant for any purpose. He, as shown, repeatedly notified plaintiffs of its worthless condition and failure to operate, and after several vain attempts on their part to repair and adjust it, and thereby make it perform the work as they represented it would, they finally abandoned it, and left it in its useless or worthless condition on defendant's premises. It appears that he offered to return the machine to plaintiffs, or rather notified and requested them to remove it from his premises, and in the answer in question he still offers to permit them to remove and take it away, and especially requests that they do so. Under and in pursuance of his said offer it appears

that the court has so molded its judgment as to award a return thereof to the plaintiffs. The representations and statements made by them in regard to the wheel were positive and unequivocal affirmations in regard to its class, qualities, character, and capacity, and they may certainly be said fairly to express an intention on their part to warrant the machine to be and to perform what they represented.

As shown, the defendant relied upon the representations and statements in question, and was induced to purchase the wheel and execute the note for the purchase price thereof. When tested by the rule to which we have hereinbefore referred, the positive representations and statements as made by the plaintiffs in respect to this wheel or machine must be regarded and held as constituting an express warranty. Therefore, under the facts, a warranty of the property is established, and a breach or a failure thereof is shown. Further averments reveal the fact that the failure of the machine to operate or perform the work as it was warranted to do renders it utterly worthless for any purpose or work for which it was sold to the defendant, and that it is worthless, or of no value to him for any purpose whatever. It is disclosed that he frequently offered to return the machine, or, in other words, requested the plaintiffs to take possession thereof, and to remove it from his premises, and this offer and request he continues to make in his answer. When all the facts averred in the pleading in controversy are considered as an entirety, they may be said to show or establish a total failure of the consideration for which the note in suit was executed. Certainly, under the circumstances, the plaintiffs have no grounds for claiming that the machine did not have a fair and proper test or trial, in order that it might be determined whether it satisfied or conformed to their warranty; for, as shown, they themselves made several vain or unsuccessful attempts to make it operate or perform the work, in order to comply

with their warranty.   Under the facts or circumstances, upon no principle of law or equity would the plaintiffs be entitled to anything more than the reasonable value of the machine in the condition in which it is shown to be, or, in lieu thereof, a return, or an offer to return it, upon the part of the defendant.   This the defendant offered to do, and their right to have the machine, under the circumstances, the court awarded.   Certainly, then, they are not in a position to complain.   In a legal sense it may be said that the facts alleged establish that the defendant has been damaged at least to the amount of the purchase price of the machine expressed in or represented by the note in suit. Therefore the answer in question must be considered as sufficient wholly to bar or defeat any recovery against the defendant by plaintiffs on their alleged cause of action. *McCormick, etc., Co.* v. *Gray,* 100 Ind. 285; *Dill* v. *O'Ferrell,* 45 Ind. 268; *Booher* v. *Goldsborough,* 44 Ind. 490; *Kern* v. *Saul,* 14 Ind. App. 72; *Wynn* v. *Hiday,* 2 Blackf. 123; *Howard* v. *Cadwalader,* 5 Blackf. 225; *Glass* v. *Murphy,* 4 Ind. App. 530.

The warranty in dispute appears to have extended generally to the class, quality, capacity, and character of the machine, and facts are disclosed which fully show that the warranty was broken, or had failed.   It is true that a breach or failure of a warranty as stated must be coextensive therewith, but, where the warranty is general in its character or nature, the breach or failure may be shown by a general negation of such warranty.   *Leeper* v. *Shawman,* 12 Ind. 463; *Brower* v. *Nellis,* 6 Ind. App. 323; *Johnston Harvester Co.* v. *Bartley,* 81 Ind. 406.

It may be conceded in this case that were it not for the offer to return the machine to the plaintiffs, which the facts show that the defendant made, and which he continues to make in his answer in question, the latter would be bad on demurrer, as the averments therein that the wheel is utterly worthless for any of the purposes for which it was

purchased, and is worthless or of no value for any purpose to the defendant, would not excuse his failure to return or offer to return the property to the plaintiffs, and under the circumstances the answer would not be sufficient as a defense of a total failure of the consideration of the note in suit. *Lafayette, etc., Works* v. *Phillips*, 47 Ind. 259. But when the defendant's offer to return the property or machine, as shown, is considered along with the other facts alleged in the pleading, the latter is sufficient to show a total failure of the consideration for which the note was executed. *Wynn* v. *Hiday, supra; Howard* v. *Cadwalader, supra.*

The fourth paragraph of the answer, to which a demurrer was also overruled, is substantially the same as the second, except that the facts therein are more fully alleged or set forth than they are in the second paragraph.

We conclude that each of the paragraphs of the answer in question is sufficient, and the demurrer thereto was properly overruled. Judgment affirmed.