May Term,
1856.

TAYLOR
v.
HUFF.

---

## TAYLOR v. HUFF.

*A.* gave a note and mortgage to *B.*, in 1841, for a loan, at 10 per cent. interest. About a third of the sum consisted of notes which *B.* held on *A.'s* brother, and which *A.* accepted as cash. The brother was insolvent, but *A.* knew his circumstances better than *B.*, and had never returned or accounted for the notes to *B.* *A.* was embarrassed when he borrowed the money, but not through any dealings with or agency of *B.* In a suit for foreclosure, *held*, that there was no usury.

Wednesday,
June 18.

APPEAL from the *Grant* Circuit Court.

PERKINS, J.—Complaint to foreclose a mortgage. Foreclosure decreed.

The defence set up was usury.

The facts were that *Taylor* borrowed of *Huff* 265 dollars, for which he gave his note and mortgage at 10 per cent. interest. Of the 265 dollars, 88 consisted of notes

which *Huff* held on *Taylor's* brother, and which *Taylor* accepted as cash.

*Taylor's* brother was insolvent, but *Taylor* knew his circumstances better than *Huff* did, accepted the notes, and has never returned or accounted for them to *Huff*. *Taylor* was embarrassed at the time he borrowed the money, but not through any dealings with or agency of *Huff*. The mortgage was executed in 1841.

The only question is, whether *Taylor*, having voluntarily taken up the notes of his brother, with full knowledge of all the facts affecting their value, and given his own note for the amount of them, can now dispute the consideration of his own note so given. We think he can not. He was competent to contract for himself. Why should the Court interfere? *Harvey* v. *Laflin*, 2 Ind. R. 477.—*Hardesty* v. *Smith*, 3 *id.* 39.

This case may seem to be similar to that of *Marshall* v. *Billingsly*, *ante*, p. 250, but we think it clearly distinguishable.

*Per Curiam.*—The decree is affirmed, with 1 per cent. damages and costs.

*J. Brownlee* and *H. P. Biddle*, for the appellant.

*W. March*, *A. Steel* and *H. D. Thompson*, for the appellee.