———o———

## Morehead v. Murray and Another.

CONTRACT.— Consideration.—Failure of.—Sale.—Suit on a note. Answer, that the defendant bought of the payee a certain number of fruit trees; that it was agreed by them that said trees should be in good condition, and that if any of them should not grow, the seller would replace them with other good trees; that on the day the note was given (in November), the seller delivered said trees, and represented them to be as provided for by said contract; that the defendant, not being experienced in the nursery business, believing the trees to be as represented, in consideration thereof, executed the note, and properly set out the trees; that the same were not in good condition, but were wilted, and in bad condition, and wholly worthless; that defendant did not and could not know their condition till long after the note was executed; that they did not grow, of which the seller had notice on the 1st day of the next June; yet he had wholly failed to replace them. Held, that the answer was good on demurrer.

SAME.—Evidence.—The trees were delivered to the buyer upon his written order directed to the seller, for certain trees at specified prices. Held, that parol evidence was admissible to prove an agreement of the parties at the time of making said order, that the seller should replace any of the trees that might not grow.

PRINCIPAL AND AGENT.—Declarations.—As steps in proving the authority of one as an agent in the transaction in controversy, evidence of his similar transactions with different persons and of his declarations therein was held admissible.

APPEAL from the Knox Circuit Court.

Suit by Morehead against Murray and Prather on two promissory notes bearing the same date, one for one hun-

dred dollars, and the other for two hundred dollars, executed by the defendants to Miller, Swan & Co., and assigned by indorsement by the payees to the plaintiff.

Answer, in two paragraphs: first, the general denial; second, that on the day of the date of the notes sued on, November 8th, 1865, defendant Murray bought of Miller, Swan & Co. five hundred fruit trees and three hundred and ten grape vines, which it was agreed by them should be thrifty and in good order and condition, and that if any trees or grape vines should not grow, said Miller, Swan & Co. would replace them with other good trees and grape vines; that on the day aforesaid, Miller, Swan & Co. did deliver to defendant Murray five hundred fruit trees and three hundred and ten grape vines, and represented them to be as provided for by said agreement; and the defendants, not being experienced in the nursery business, and believing the trees and vines to be as represented, in consideration of said trees and vines, executed the notes sued on, said Murray as principal and said Prather as surety; that defendant Murray set out said trees and vines in the full belief that they were as represented, and thereby incurred great expense, to wit, one hundred dollars; that said trees and vines were not in good condition, but, on the contrary, were wilted, and in bad condition, and wholly worthless; that defendant Murray did not and could not know the condition of said trees and vines until long after the notes sued on were executed; that said trees and vines were properly set out, and yet they did not grow, of which said Miller, Swan & Co. had notice on the 1st day of June, 1866; yet they have wholly failed to replace said trees and vines; wherefore defendants say that the consideration of said notes has wholly failed.

A demurrer to the second paragraph of the answer was overruled, and the plaintiff excepted.

The plaintiff replied by the general denial.

The court tried the cause without a jury, and found for the plaintiff in the sum of $42.02. A motion by the plaintiff for a new trial was overruled, the plaintiff excepting,

and judgment was rendered against the defendant for said sum and costs.

On the trial, the defendants, having read in evidence an order to Miller, Swan & Co., signed by "Rockwell, agent," for the trees and vines at specified prices, to be delivered to Murray, offered to read a memorandum on the back thereof, in pencil, not signed and partly erased, as follows: "If any of the trees and vines do not grow, then, in that event,"—the remaining part of the memorandum being unintelligible. The plaintiff objected to the introduction of this memorandum, but the court allowed it to be read, and also, over the plaintiff's objection, permitted the defendants to prove by Murray that the agent of Miller, Swan & Co. agreed to replace any trees and vines, delivered under the contract, which might not grow, with other trees and vines; that said memorandum was in the handwriting of Rockwell, the agent of Miller, Swan & Co. and was made by said Rockwell as such agent immediately after an order for the trees and vines, signed by Murray and Rockwell, was given to said Rockwell; and that said memorandum was delivered by Rockwell to Murray as a statement of what the agreement was as to replacing trees and vines which did not grow.

One Hilderman testified, over the plaintiff's objection, that a short time before the contract with Murray, he, the witness, gave an order to Miller, Swan & Co., through their agent, Rockwell, for trees and vines, and that Rockwell said he expected to take an order from Murray for trees and vines on the same terms and conditions that he sold to witness; that the contract of Miller, Swan & Co. with witness was in writing, and its terms and conditions were, that the trees and vines were to be in good condition, and if any of them did not grow, Miller, Swan & Co. would replace them with other trees and vines.

One Anther testified, over the plaintiff's objection, that the trees and vines which he, the witness, received from

Miller, Swan & Co. about the same time that Murray received his, did not grow, but most of them died.

RAY, J.—There was no error in overruling the demurrer to the second paragraph of the answer. It denied that the trees and vines were of any value whatever.

There was no error in allowing parol evidence of the memorandum on the back of the order. It was not a contract, but a simple memorandum, and proper for the witness to use to refresh his memory, but it should not have been introduced in evidence as a paper. As there was nothing in it of substance, however, this error cannot work a reversal. As to the objection to the proof of an agreement to replace the trees which should not grow, as being in contradiction to the order for the trees, there is no force in it. The order was not a contract binding both parties, but simply an order, which required the person sending it to accept the articles ordered. An agreement to replace any defective trees would not conflict with this written direction.

The evidence of the witness Hilderman, as to the terms on which Rockwell sold trees to the defendant or to others, was not proper as proof of the contract in this case. It was not part of the *res gestæ*. *Hynds* v. *Hays*, 25 Ind. 31. The agency not being proved, it could not bind the principal. Nor was the evidence of the witness Anther, that his trees did not grow, admissible, standing alone. But all this evidence was proper as steps in proving the authority of the agent; it would have been made complete by showing the recognition by Miller, Swan & Co. of similar contracts.

As the court should have charged the jury what effect to give to all this evidence, and as the charges given are not presented by the bill of exceptions, we must presume in favor of the action of the court.

The judgment is affirmed, with costs.

*W. B. Robinson, J. M. Boyle, J. C. Denny,* and *G. G. Reily,* for appellant.