DILL *v.* O'FERRELL ET AL.

WARRANTY.—*Pleading.*—To an action on a promissory note, the defendant answered that it was given for a threshing machine, of plaintiff's manufacture, and that the plaintiff warranted it to be a good machine and capable of doing good work, when, in fact, it would not operate at all, and was utterly worthless, as plaintiff well knew;

*Held,* that the answer was good. The machine being worthless, an offer to redeliver it to the seller was unnecessary.

PRACTICE.—*Striking out Pleading.*—*Evidence.*—It is error to strike out a material part of a pleading; but overruling a motion to strike out is not, except under special circumstances, a cause of reversal. Evidence in support of surplus matter shall be excluded.

From the Huntington Common Pleas.

*J. R. Slack* and *B. M. Cobb,* for appellant.

DOWNEY, C. J.—Three errors are properly assigned in this case:

1. Sustaining the plaintiffs' demurrer to the second paragraph of the defendant's answer.

2. Striking out part of the third and fourth paragraphs of the answer.

3. Overruling the defendant's motion for a new trial.

The action was by the appellees against the appellant, on two promissory notes executed by the appellant to the appellees, and there was judgment in the common pleas in favor of the plaintiffs. The second paragraph of the answer was as follows : "And for further answer, defendant admits the making of the notes sued on, but says that they were given for a threshing machine sold by plaintiffs to defendant, and by them manufactured, which they warranted to be a good machine and capable of doing good work, when, in fact, it would not operate at all, and was utterly worthless, as plaintiffs well knew ; wherefore defendant says the consideration for which said notes were given has wholly failed."

No brief is filed for the appellees, and we are, therefore, without any information as to the ground on which the demurrer to this paragraph was sustained. If it is supposed that the paragraph should have alleged a return of the

Dill *v.* O'Ferrell *et al.*

machine, it may be answered that it is averred that it was of no value, and that for this reason a return of it was unnecessary. In *Wynn* v. *Hiday*, 2 Blackf. 123, it was said: " If the defendant, under his plea suitable to the case, of a total failure of consideration, prove, in addition to the fraudulent representations, or to the breach of warranty, that the article is of no value, or has been returned, or tendered, within a reasonable time, he defeats the action. But where the article is worth something, and has not been returned or tendered, the plaintiff is entitled to the value. This we conceive to be the fair construction of the statute, and one which will prevent a multiplicity of lawsuits, and tend to the furtherance of justice." See, also, the cases cited in the note to the above named case, and *Johnson* v. *M'Lane*, 7 Blackf. 501, and *Mooklar* v. *Lewis*, 40 Ind. 1. In our opinion, the second paragraph of the answer was a good bar to the action, and therefore the demurrer to it should have been overruled.

The third paragraph of the answer, as it was before any part of it was stricken out, was as follows: " And for further answer and by way of counter-claim, defendant admits the making of the notes sued upon, but says that at the time of making the same, and as the only consideration therefor, defendant purchased of one John S. Provines, who was agent for the plaintiffs for the sale of threshing machines manufactured by plaintiffs, and did then and there sell said defendant one threshing machine belonging to plaintiffs, which was by plaintiffs' agent, Provines, warranted, recommended, and represented to be a machine of superior quality, good and substantial manufacture and workmanship, in complete running order in every particular, capable of doing an unusually large quantity of threshing per day, in a superior manner; which warranty was the inducement to the defendant to purchase. The defendant further avers, that said machine was, in point of fact, a machine of very inferior quality, unsuitable in all its parts, not in running order, AND could not be made to do more than one-half the work

a machine of that kind ought to do; and in this he says he is damaged two hundred dollars; and what work it would do being of a very inferior quality, that in this he is damaged in the sum of two hundred dollars; that parts of said machine, by reason of the defects aforesaid, were continually breaking, causing great expense and damage to procure necessary repairs, to wit, two hundred dollars; that defendant was compelled to go to great expense to procure a new cylinder for said machine, by reason of the defective workmanship of the same, in which he is damaged two hundred dollars; and that to operate the same successfully, as plaintiffs well knew, it was necessary to employ hands of great skill, to have a portable steam engine of great cost, all of which he procured; that the defendant used the utmost diligence and skill in managing the same, yet he was put to great loss and damage in time and expense; and by reason of his machinery and hands aforesaid having to be idle while the necessary repairs were being made, which were made necessary by the unsubstantial manner in which said machine was manufactured, and by reason of this he is damaged three hundred dollars; and that by reason of the inferior quality of work done by said machine when running, said defendant lost a large amount of work and custom he would have obtained had said machine been capable of doing a good quality of work, to defendant's damage two hundred DOLLARS; wherefore defendant says that he is damaged in the sum of six hundred dollars, which he asks may be recouped against the plaintiffs' claim, and that he have judgment for the residue and his costs."

The portion of this paragraph which was stricken out is that part beginning with the word "and," in small capitals, and ending with the word "dollars," also in small capitals. Where a motion to strike out part of a pleading has been made and overruled, the action of the court will not, except under special circumstances, be cause of reversal. Evidence in support of allegations of surplus matter should be excluded by the court, where such allegations are not stricken

out. But when the court has stricken out material matter from a pleading, a different question is presented. In such a case, the party has lost the benefit of that part of his cause of action or ground of defence which the court has stricken out. In the action of the court in this case, it seems to us that the defendant was deprived of a material part of his defence. Assuming, as we must do, that on the trial of the cause the evidence was limited to the allegations left in the paragraph, after the motion had been sustained, it seems quite clear to us that the action of the court was erroneous.

The fourth paragraph of the answer, entire, was as follows: "And for further answer, defendant says, that he made the notes sued upon, but says that plaintiffs were, at the commencement of this suit, indebted to defendant in this, to wit: That on the 26th day of July, 1869, he purchased of plaintiffs one other threshing machine, for which he paid plaintiffs in full, receiving a guaranty that said machine was a good and substantial machine, of plaintiffs' own manufacture; that it was perfect in all its parts; that it would thresh two thousand bushels of wheat per day; that it would thresh clean; that it would not waste any grain; that it would not be liable to get out of repair; that the spikes in the cylinder were securely fastened, so that said machine could be operated with speed and safety; and defendant says plaintiffs are indebted to him for breaches of said warranty, in this, that said machine was imperfectly constructed, and would not perform more than one-fourth the labor it was warranted to perform; that what work it could be made to perform was of an inferior quality; that it did waste a large percentage of grain; that the cylinder was defective; that it would not operate at all; that for the defects aforementioned, defendant says he is damaged in the sum of four hundred dollars; AND, further, that by reason of the defects aforementioned, said defendant was put to great expense for repairs, to wit, one hundred dollars; and, further, by reason of said defects defendant was damaged in the loss of time; that the hands necessary to operate the machine had to lie idle while said

repairs were being procured, two hundred dollars ; by reason of said machine not doing the amount of work which, of the quality this was warranted to do, he would have done with the same hands, and expense to defendant, two hundred dollars. Defendant further avers, that by reason of the defective work done by said machine, defendant was damaged in this, that he lost a large amount of custom he would have got if said machine had done work as warranted by plaintiff, in the sum of two hundred DOLLARS ; wherefore he asks that these amounts be set off against the plaintiffs' claim, and that he have judgment for one thousand dollars and costs."

The portion of this paragraph stricken out by the court is that part beginning with the word "and," in small capitals, and ending with the word "dollars," marked in the same way.

If we are right in our ruling upon the question relating to the action of the court in striking out part of the third paragraph of the answer, this action of the court was also erroneous. The part stricken out contains material averments relating to the breach of warranty and the extent of the injury resulting therefrom.

We have now disposed of the questions concerning the action of the court relating to the pleadings ; and as the conclusions at which we have arrived will require a reversal of the judgment, and result in a new trial, we deem it unnecessary to enter upon an examination of the questions arising under the remaining assignments of errors.

The judgment is reversed, with costs, and the cause remanded, with instructions to overrule the demurrer to the second paragraph, and the motion to strike out the parts of the third and fourth paragraphs of the answer, and for further proceedings.