———o———

### THE LAFAYETTE AGRICULTURAL WORKS *v.* PHILLIPS.

PLEADING.—*Warranty.*—*Fraud.*—To an action on a promissory note, the defendant answered: 1. That the note was given for a combined reaping and mowing machine; that the plaintiff warranted that the machine would perform all the requisites of ordinary mowing; that the defendant, relying, etc., purchased the machine; and that at the time of the sale and warranty it was utterly worthless and of no value to the defendant. 2. That the defendant was unacquainted with the machine; that the plaintiff represented that the same would perform all the requisites of ordinary reaping and mowing; that the defendant was thereby induced, etc.; but that the machine would not perform as represented; wherefore, etc.

*Held,* that both answers were bad; each should have averred that the defendant tested the machine in a proper manner, and in a reasonable time, and also that it was of no value, or that it was returned by the defendant to the plaintiff. It was not sufficient to aver that it was of no value to the defendant.

EVIDENCE.—*Motion to Strike Out.*—When a motion is made to strike out evidence given on the trial, the grounds of the motion should be stated; and on appeal the grounds of such motion must appear in a bill of exceptions; otherwise the Supreme Court will presume in favor of the action of the court below in overruling the motion.

From the Madison Circuit Court.

*M. S. Robinson* and *J. W. Lovett*, for appellant.

*R. Lake*, for appellee.

DOWNEY, J.—The appellant sued the appellee on a promissory note, executed by the appellee to the appellant.

The defendant answered: A general denial.

2. That the note was given for and in consideration of the purchase by the defendant of a combined reaper and mower,

of the Buckeye pattern; that at the time of the purchase the plaintiff warranted that the machine would perform all the requisites of ordinary mowing; that the defendant, relying upon said warranty and representation, then and there purchased the machine, and executed the note described in the complaint. It is then alleged that at the time of the warranty and sale the machine was utterly worthless and of no value to the defendant; wherefore, etc.

3. That the note was executed for a combined reaper and mower, of the Buckeye pattern; that the defendant was unacquainted with the machine; that the plaintiff represented that the same would perform all the requisites of ordinary reaping and mowing; that the defendant was thereby induced to purchase the same, and executed the note in suit therefor. It is then stated that the machine will not perform as represented by the plaintiff; wherefore, etc.

The plaintiff demurred to the second and third paragraphs of the answer separately, on the ground that the same did not state facts sufficient to constitute a defence to the action, and the demurrers were overruled.

Reply by general denial; jury trial; verdict for the defendant; motion by the plaintiff for a new trial overruled; and judgment on the verdict for the defendant.

The errors assigned are the overruling of the demurrers to the second and third paragraphs of the answer, and the refusal to grant a new trial.

The second paragraph of the answer is bad, we think, on two grounds, at least: 1. It is not alleged that the machine was properly tested, to ascertain whether it would perform according to the warranty or not. It is stated that the machine will not perform as represented by the plaintiff. We think this is not a sufficient allegation of the breach of the warranty. It should have been alleged, with more particularity, that the machine was tested in a proper manner, and in a reasonable time, and that it would not, when so tested, perform as warranted.

2. It is not alleged that the machine was of no value, or that

it was returned by the defendant to the plaintiff. It is only alleged that the machine was utterly worthless and of no value to the defendant. *Howard* v. *Cadwalader*, 5 Blackf. 225; *Mooklar* v. *Lewis*, 40 Ind. 1.

As a defence based upon false and fraudulent representations, the third paragraph of the answer is clearly insufficient. Not to mention any other defects in it, we think it is liable to the same objections to which the second paragraph is liable. The second objection is more clearly applicable to this paragraph than to the second, as it does not allege a return of the machine, and fails even to allege that it was of no value to the defendant.

Several questions are presented under the second assignment of errors, one of which is this: The defendant was a witness on his own behalf, and testified in his examination in chief to a warranty of the machine. On cross-examination, the fact was disclosed that the warranty was in writing, and different in some material respects from the warranty to which the defendant had testified. The plaintiff then moved the court to strike out the parol evidence of warranty given by the defendant, which motion was overruled by the court. Had this motion been on the ground that parol evidence was inadmissible to prove the warranty, when the warranty was shown to have been in writing, we think it should have been sustained. But the bill of exceptions does not show the ground of the motion. The motion may have been on some other ground, and properly overruled by the court. We must presume that the action of the court was correct, unless the contrary is shown.

We do not deem it necessary to examine the questions presented as to the instructions of the court to the jury, as the same views of the case may not again be presented; and so of the other questions discussed.

The judgment is reversed, with costs; and the cause is remanded, with instructions to sustain the demurrers to the second and third paragraphs of the answer, and for further proceedings.