MYERS ET AL. *v.* CONWAY.

SUPREME COURT.—*Motion to Strike Out.*—*Bill of Exceptions.*—*Practice.*— *Record.*—In order to bring a motion to strike out part of a pleading before the Supreme Court, such motion must be made part of the record by bill of exceptions.

SAME.—*New Trial.*—*Misconduct of Juror.*—*Affidavits.*—Where affidavits are filed in support of a motion for a new trial, alleging misconduct of certain jurors and the opposite party to the action, and such affidavits are contradicted by counter affidavits, the Supreme Court can not judicially say that such misconduct existed.

SAME.—*Absence of Witnesses.*—Where a party to an action is aware, before entering into trial, that certain witnesses, upon whose testimony he depends, are absent, but makes no application for delay on that ground, he can not afterward set up such absence, in support of a motion for a new trial.

PROMISSORY NOTE.— *Warranty.*—*Fraud.*—*Pleading.*—In a suit upon a promissory note given for the purchase-money of a chattel, an answer of "no value" in the article purchased is no defence for the vendee, unless it be coupled with an averment of warranty, fraud or some fault on the part of the vendor.

SAME.—*Recommendation.*—A written statement made by the vendor to the vendee of a horse, "that he is sound to the best of" the vendor's "knowledge," is a mere representation and not a warranty.

From the Huntington Circuit Court.

*J. M. Coombs, J. Morris, R. C. Bell, L. P. Milligan* and *A. Moore,* for appellants.

*J. D. Conner, J. C. Branyan, J. D. Conner* and *C. W. Watkins,* for appellee.

BIDDLE, J.—Complaint by the appellee, against the appellants, on a promissory note, and also on a common count for the sale and delivery of a horse.

The first paragraph of answer to the note is in the following words:

—— "That they admit the execution of the note sued upon, but say that they executed the same for and in consideration of the sale and delivery, by plaintiff to defendants, of a certain horse named 'Gray Aleck,' and upon no other consideration whatever; that the said horse was

then and there utterly worthless, for the reason that said horse then and there had corns and ulcers on his feet, and his feet were so tender and diseased that the disease extended to the shoulders and the fore legs, so that he was of no use or value whatever, which infirmity was not known to the defendants at the time of the purchase. Wherefore defendants say the consideration of the said note has wholly failed, and they ask judgment for costs."

.The second paragraph of answer to the note counts upon a warranty in the following words:

" This is to certify, that I have this day sold to W. H. Myers, of Fort Wayne, and S. F. & R. I. Day, of Huntington, Indiana, the gray gelding ' Gray .Aleck,' for the sum of thirty-five hundred dollars ($3,500); that he is sound, to the best of my knowledge, except a small wind-puff, and he has no record below 2:35, and is not barred from trotting on any track from any cause.    WILLIAM CONWAY.

" Huntington, May 13th, 1875."

Breaches of warranty, and fraudulent representation, are alleged.

The third paragraph pleaded to the note is a counter-claim, and the fourth a set-off.

The answer to the common count in the complaint averred, that it is founded on the same cause of action as that set forth in the first paragraph of complaint, and set up a counter-claim against it.

Various motions were made to strike out parts of the answer, ruled upon by the court, and exceptions taken by the appellants, but none of them have .been made a part of the record by a bill of exceptions.

A demurrer to each paragraph of answer, specifying as cause that it did not state facts sufficient to constitute a defence, was overruled to each, except the first, to which it was sustained.   To these rulings exceptions were reserved. A general, and also a special, reply was then filed to the answer.

Upon these issues the cause was tried by a jury, and a verdict returned for the appellee.

A motion for a new trial was filed, with fifteen alleged causes, several of which go to the pleadings and rulings upon motions preceding the trial, which are not valid causes for a new trial.

The appellants filed numerous affidavits in support of the motion for a new trial, which were answered by numerous counter affidavits filed by the appellee.

The motion was overruled, exceptions reserved, and judgment rendered on the verdict. Appeal.

We will examine such of the questions as are presented by the assignments of error and discussed by the appellants in their brief.

The first and second assignments of error, questioning the rulings of the court in striking out parts of the answer, are discussed at length by the appellants; but, as we incidentally remarked in stating the case, these questions are not presented by a bill of exceptions, and are therefore not in the record.

The third assignment of error is, sustaining the demurrer to the first paragraph of answer. There is no error in this ruling. The answer is wholly insufficient. It amounts to no more than saying that the appellants bought a diseased horse without knowing that he was diseased, and gave too much for him. It does not show any faults whatever on the part of the appellee in making the sale. The appellants cite numerous authorities to convince us that a failure of consideration is a good answer to a note. Certainly it is, and we shall not decide any thing to the contrary; but the facts averred do not show a failure of consideration. The vendee has got the very thing he bought, without any alleged fault of the vendor. This does not amount to a want of consideration nor to a failure of consideration, although the article purchased may be wholly valueless.

The appellants, however, strongly insist that the first paragraph of their answer is good, and cite several cases in support of their views :

First, *Mooklar* v. *Lewis*, 40 Ind. 1. In this case three paragraphs of answer were filed ; the first setting up a mistake ; the second, that the note was without consideration ; and the third, false and fraudulent representations, and that the article bought was without value.

None of these paragraphs were tested by a demurrer.

After a general verdict for the defendant, and special interrogatories sustaining the general verdict, this court very properly refused to reverse the case—there being an answer of want of consideration filed, which would sustain the verdict, whether the other paragraphs were good or not. It does not decide the question presented in this case by a demurrer to the first paragraph of answer, which does not aver any warranty, nor any fault or fraud in the vendor.

The case of *Dickinson* v. *Hall*, 14 Pick. 217, was on a note given for a void patent, and it was held to be a good defence under a plea of want of consideration. Here the vendee did not get the thing he bought, for if the patent was void it was no patent. This is quite different from getting the thing you bought which had no value, and without any fault in the vendor.

In the case of *Perley* v. *Balch*, 23 Pick. 283, the doctrine is thus stated : " If a chattel be of no value to any one, it cannot be the basis of a bargain ; but if it be of any value to either party, it may be a good consideration for a promise. If it is beneficial to the purchaser, he certainly ought to pay for it. If it be a loss to the seller, he is entitled to remuneration for his loss."

But this doctrine will not sustain the views of the appellants. It does not appear by the answer in question that the horse had no value to the vendor, nor that parting

with the horse was not a " loss to the seller." There are many things in commerce, which have no intrinsic value, and many things of no commercial value, which may have a special value to the owner or some particular person.

It appears to us that the case of *Johnson* v. *Titus*, 2 Hill, 606, cited by the appellants, is against them. There the court charged the jury, that, " If fraud was not made out, the article being of no value would not constitute a defence ; and he refused to charge that the trees being dead or worthless would be a defence." The plaintiff recovered, and the Court of Appeals denied a new trial. This case expresses our own minds.

In the cases of *Dill* v. *O'Ferrell*, 45 Ind. 268, and *The Lafayette Agricultural Works* v. *Phillips*, 47 Ind. 259, the defence was a warranty, and that the article had no value ; and it was held that the vendee need not return the chattel ; but these cases do not decide that an answer of " no value " is a good defence, when uncoupled with a warranty or fraud.

In the case of *Detrick* v. *McGlone*, 46 Ind. 291, which was founded upon a promissory note given for a patent-right, the second paragraph of answer sets up no consideration for the note. Upon this paragraph the court instructed the jury as follows :

"And if, under the second paragraph of the answer, you believe from a preponderance of the evidence, that the defendants properly tested the machines and patent-right referred to, and that the same were worthless, and that the defendants offered to rescind the contract before this suit was instituted, the defendants should recover, and you should, in that event, find for the defendants."

Downey, J., delivering the opinion of the court, said :

" This instruction assumes that if the defendants properly tested the machines and patent-right, and they were worthless, and the defendants offered to rescind the con-

tract before suit, the jury should find for the defendants. We think this charge is not correct. To make it correct, the court should have instructed the jury that there must have been fraud or a warranty shown. With this addition, conceding that such defence was admissible under the second paragraph, the instruction might have been correct."

We believe this to be the law of the case we are considering.

The case of *Hardesty* v. *Smith*, 3 Ind. 39, fully supports this view.

This course of reasoning and these authorities convince us, that an answer of " no value " in the article purchased is no defence for the vendee, unless it is coupled with a warranty or fraud or some fault on the part of the vendor.

There are *dicta* in some of the cases cited by the appellants, which, separated from the context and dissevered from the premises, seem to support their views upon this question, but the cases themselves do not sustain them.

The remaining questions arise under the motion for a new trial. The appellants regard the paper, made an exhibit with the second paragraph of answer, as a warranty of the soundness of the horse. It does not seem to us to be such a warranty, but rather a recommendation of the horse, which, if not fraudulently made, would not vitiate the contract. But, let it be held to be a warranty or a recommendation fraudulently made, the facts of the fraud and the breaches of warranty were submitted to the jury, upon the evidence introduced, and a verdict upon them found against the appellants. No question, therefore, turns upon the construction of the paper, nor is the construction that the court gave to the writing complained of by either party.

The insufficiency of the evidence to sustain the verdict is discussed at length by the appellants. The evidence is

voluminous, and can not be practically set forth in an opinion, but we have examined it all carefully. It is not wholly satisfactory, but there is evidence tending to prove every fact necessary to sustain the verdict, as well as evidence militating against it. If the evidence for and against the defence was equal, as the onus lay upon the appellants to overthrow the note, which they admit they executed, the verdict would be right. For these reasons, and as we think the verdict would be less, or at least no more, satisfactory, had it been the other way, we can not disturb the judgment upon the question of evidence.

The affidavit of Samuel F. Day in support of the motion for a new trial alleges surprise at the testimony of E. H. Squires, one of the witnesses in the case, but the affidavit of Squires refutes this by stating that he told Day he could not swear to what he desired him to swear to. The affidavit of Day also states that the appellants were disappointed in not obtaining the presence at the trial of the witness, Robert Wilson, whom they had subpœnaed to attend; but it appears that they knew of his absence before they entered into trial, and made no application to the court for delay; they therefore took the risk of his absence upon themselves, and can not now complain of it. The absence of the witness, J. W. Malbrook, whom they had not subpœnaed, is also alleged; but the affidavit shows that they had all the knowledge they possess of Malbrook before the trial, and made no application for delay. There is, therefore, nothing in this point.

There are several affidavits in support of the motion for a new trial, alleging misconduct against certain jurors, and against the appellee during the trial. They are too voluminous to set out at length, and are not strong affirmatively; indeed, some of them might be literally true and yet harmless. But they contain no fact that is not contradicted by counter affidavits. The court, therefore, could not judi-

cially say that there had been any misconduct on the part of the appellant or any of the jurors.

We have thus examined all the questions presented by the record and discussed by the parties, and have found no error in the record.

The judgment is affirmed, at the costs of the appellant.