NEIDEFER *v.* CHASTAIN. .

No. 6793.

PLEADING.—*Promissory Note.—Patent.—False Representations.—Fraud.—Demurrer.—Damages.--Defence.*—An answer, in an action upon a promissory note given for the right to sell a patented grain screen, alleged that the assignor thereof falsely and fraudulently represented that such screen was of great value; that it would clean wheat rapidly and effectually, and that they could be bought at S. for five dollars; that such representations were false and known to be false; "that the defendant regarded them as true; that said screens were of no value, and would not clean wheat rapidly and effectually, and could not be got at S. for five dollars."

*Held,* on demurrer, that such answer was insufficient.

*Held,* also, that representations of value do not constitute fraud.

*Held,* also, that the words "effectually" and "rapidly" were merely descriptive of the manner in which the machine would *do* its work, and *not* affirmations of substantive facts, and therefore were matters of opinion upon which a purchaser can not rely.

*Held,* also, that, to constitute fraud, the representations must be of a material fact; and, as there was no allegation in such answer, that the defendant was injured by the fact that such machines could not be purchased at S. for five dollars, that representation can not be deemed to be of a material fact; fraud without damage can not be a defence.

SAME.—*Case Disapproved*—The bare general allegation that an article was worthless, thrown into a plea attempting to set up the defence of fraud, can not make good a plea, which, without it, would be bad. The case of *Morehead* v. *Murray*, 31 Ind. 418, as to plea of fraud, disapproved.

SAME.—Where a plea shows that the party got what he contracted for, that he voluntarily, and with knowledge of the thing for which he bargained, deliberately contracted, he can not escape liability upon the single, unsupported allegation, that what he did get was worthless.

From the Washington Circuit Court.

*S. B. Voyles*, for appellant.

*A. B. Collins*, for appellee.

ELLIOTT, J.—The complaint of appellant is upon a promissory note executed by the appellee to one Orange Brown.

The appellee answered the complaint in three paragraphs. The first paragraph pleaded a want of consideration; the second and third alleged that the note was obtained by the

false and fraudulent representations of the appellant's assignor. The appellant demurred to the last mentioned paragraphs; his demurrer was overruled, and of this ruling he now complains.

The second and third paragraphs are, in all material respects, the same, and there is no necessity for a separate consideration of each.

The material facts which the answer states may be summed up substantially as follows: That the note was given for a deed conveying a right to sell an improved and patented grain screen, in the county of Jefferson; that appellant's assignor, Orange Brown, falsely and fraudulently represented to the appellee, that the screen was of great value; that it would clean wheat rapidly and effectually; that the screens could be bought at Salem for five dollars; that such representations were false, and known to be false; "that appellee regarded them as true; that said screens were of no value, and would not clean wheat rapidly and effectually, and could not be got at Salem for five dollars."

There are three, and only three, substantive representations charged: One of these is that the screen was of great value; another is that it would clean wheat rapidly and effectually; and the other is that the screens could be bought at Salem for five dollars. Of these in their order.

As to the first of the representations, there is no difficulty at all, and we may dismiss it with the single remark, that representations of value do not constitute fraud.

The second of the representations alleged is an assertion, that the screen would do a named thing rapidly and effectually. This is really no more than the expression of the vendor's opinion of the capacity of the article which he offers for sale. The words "effectually" and "rapidly" are merely descriptive of the manner in which the machine offered by the vendor would do its work, and are

not affirmations of substantive facts. These words do not affirm the existence of a material and substantive fact, but simply qualify the affirmation that the screen would clean wheat, by stating the particular manner in which it would perform that work. A recent author thus expresses the rule which applies to such representations as those alleged in the pleading under examination: "Statements as to the operation and utility of an invention must, in most cases, be mere matter of opinion; upon which, therefore, a purchaser can not safely rely." Bigelow Fraud, 13. This is the well settled doctrine of this court. *Hunter* v. *McLaughlin*, 43 Ind. 38; *Gatling* v. *Newell*, 9 Ind. 572; *Kernodle* v. *Hunt*, 4 Blackf. 57. The general current of authority runs with the cases in our own court, and indeed all the cases thus holding do but enforce the old and well recognized maxim, *simplex commendatio non obligat.*

The third of the allegations of fraudulent representations is, that appellant's assignor represented to the appellee that the screens could be purchased at Salem for the price of five dollars.

There is nothing at all in the answer to show that this fact was material, and it is well settled, that, to constitute fraud, the representation must be of a material fact. For any thing that appears, the screens could have been bought at a place much nearer the appellee than Salem, and for a much less price than five dollars. If the screens could have been purchased at a less price than five dollars, at a place nearer than Salem, the appellee was not injured, and fraud without damage can not be a defence. *Wiley* v. *Howard*, 15 Ind. 169. The representation can not, therefore, be deemed to be of a material fact. The truth of the representation is negatived by averring that the screens could not be purchased at Salem, but there is no allegation aiding this by showing any injury flowing from the falsity of such statement; for it is not alleged that they could not

have been purchased for even a less price and at a more convenient place.

The appellee insists, that, as the answers assailed by the appellant contain the general allegation that the screen was worthless, they are good, although in all other respects altogether defective. Waiving, for the moment, an examination of the propositions made by appellee and looking to the answers, we find that one, at least, hardly supports the assumption he makes, for it does not affirm the article to be worthless. The second paragraph puts the allegation upon this point in these words : " That said machine failed to perform as Brown represented, and that it was utterly worthless for the purpose for which the same was purchased." This does no more than charge that the article was worthless for one purpose; it by no means goes to the extent of affirming it worthless for all purposes. Under the rule declared in *Louden* v. *Birt*, 4 Ind. 566, this answer was clearly bad, if for no other reason than that it failed to show the article to be valueless.

Returning to a consideration of the general proposition stated by appellee, we find the case first cited by him to be *Mooklar* v. *Lewis*, 40 Ind. 1. That case is not in point, for there the question came up on a motion for judgment on the answers of the jury to interrogatories, and it was held that the answers did show that the article was valueless, and that this was sufficient to sustain the plea of want of consideration. The question presented by the present case is very different; for the pleadings here attempt to interpose the defence of fraud, and we must look, not to the general conclusions stated, but to the material traversable facts alleged, and from these judge whether any defence is made out.

The case of *Morehead* v. *Murray*, 31 Ind. 418, is pressed upon our consideration with much earnestness. That case is not well considered, no argument is made, nor are any

authorities cited in support of the proposition, that an answer attempting a defence upon the ground of fraud is good, if it contain the allegation that the thing constituting the consideration of a promissory note was worthless, although it lack all other material allegations. All that is there said upon the proposition here involved is : " There was no error in overruling the demurrer to the second paragraph of the answer. It denied that the trees and vines were of any value whatever." The answer in the case referred to was unquestionably good, but the wrong reason for upholding it was assigned by the court. The bare general allegation that an article was worthless, thrown into a plea attempting to set up the defence of fraud, can not make good a plea which without it would be bad. The material, substantive facts pleaded are those upon which the validity of the plea must depend; its sufficiency can not be made to depend upon a sweeping concluding statement that the article was wholly without value. If this were the rule, then every plea attempting the defence of fraud could be made good by adding the general allegation that the article was valueless. This we think utterly inconsistent with the rules of pleading, and we also think that such a practice would lead to confusion and injustice. Especially would it lead to evil results in the trial courts, where time is not always allowed to critically examine pleadings, and a pleading made good by an isolated general statement might often mislead both court and counsel, who would naturally consider, not detached general conclusions, but the general frame and drift of the entire pleading. The doctrine for which appellee contends, and which is lent some support by the case cited, is opposed to sound general principles and ought not to be sustained. We fully approve the doctrine, that a general plea of want of consideration is good, and nothing here said is intended to impugn its correctness, but we do disapprove that doctrine

which holds that a plea attempting to construct a defence of fraud, and defective in every material particular, can be made good by simply adding the general allegation that the article contracted for was worthless. To permit this would be to permit sweeping and vague assertions to control specific statements of traversable facts. The doctrine of *Morehead* v. *Murray*, if given effect, would break down the long and well established rule, that, if a party gets all he knowingly contracts for, he will not be allowed to plead that he got no consideration. *Baker* v. *Roberts*, 14 Ind. 552; *Hardesty* v. *Smith*, 3 Ind. 39; *Harvey* v. *Dakin*, 12 Ind. 481; *Taylor* v. *Huff*, 7 Ind. 680; *Louden* v. *Birt*, 4 Ind. 566; *Smock* v. *Pierson*, 68 Ind. 405; *Hess* v. *Young*, 59 Ind. 379; Benjamin Sales, 120. If a plea shows that a party got what he contracted for, that he voluntarily, and with knowledge of the thing for which he bargained, deliberately contracted, he can not escape liability upon the single, unsupported allegation that what he did get was worthless. It might well be that he got exactly what he contracted for, and that the thing he got was entirely without value, and there still exist a binding obligation to pay what he had contracted to pay.

Judgment reversed, at costs of appellee, with instructions to sustain the demurrers to the second and third paragraphs of answer.