Filed Jan. 7, 1892.

---

No. 78.

GAAR, SCOTT & COMPANY *v.* ROSE ET AL.

VERDICT.—*Answers to Interrogatories.*—On a motion for judgment on the answers to interrogatories, notwithstanding the general verdict, every reasonable presumption and intendment will be indulged in favor of the general verdict, and if by any reasonable hypothesis the answers can be reconciled with the general verdict the latter must stand. The answers to interrogatories override the general verdict only when both can not stand together the antagonism being such, upon the face of the record, as is beyond the possibility of removal by any evidence admissible under the issues in the cause.

PRINCIPAL AND AGENT.—*Sale of Machinery.—General Agent.— Waiver of Provision in Contract by.—Principal, When Bound.*—Where machinery was sold, with a provision in the written contract that if the machine was delivered by any agent of the seller, or received by the purchasers or their representative before full and complete settlement had been made therefor, according to the terms of the order, all equities and claims under the warranty given by the seller should be waived, and thereafter a general agent of the seller waived said provision in said written contract, the waiver would be binding on the principal, and the warranty remain in full force, notwithstanding the continued possession by the purchaser, although the agent had no authority to make the waiver, the purchaser having no notice of any limitation upon said agent's authority.

SAME.—*General Agent.—Presumption as to His Authority.*—It is the duty of every person who deals with a special agent to ascertain the extent of his powers, but such is not the rule as to a general agent, for persons dealing with him can be presumed to be acquainted only with his general authority.

From the Allen Superior Court.

*J. B. Harper,* for appellant.

*H. Colerick* and *W. S. Oppenheim,* for appellees.

Gaar, Scott & Company v. Rose et al.

NEW, J.—This was an action by the appellant to recover of the appellees the price of a clover huller, alleged to have been sold and delivered by the former to the latter.

A written order for the machine was given by the appellees, as follows:

"FORT WAYNE, October 25, 1888.

"The undersigned, residing in Allen county, State of Indiana, this day order of Gaar, Scott & Co., Richmond, Indiana, through —— ——, agent, one No. 1 Gaar, Scott & Co. Clover Huller, Elevator and Recleaner Side, for which we agree to pay $470 and freight from Richmond, Indiana. Terms as follows: Cash on or before delivery—Birdsell Huller—$100; note due December 1st, 1889, for $185, with interest at six per cent.; note due December 1st, 1890, for $185, with interest at six per cent.,—said notes to be made payable to the order of Gaar, Scott & Co. The undersigned hereby agree to fully settle for the foregoing machinery before it is delivered to them by paying said cash (if any), and giving said notes and mortgage on the said machinery, and also further approved security, as follows: —— ——.

"If flax sieves, timothy sieves, or any other sieves, or any other extra or miscellaneous articles, are either interlined above, or noted hereon or ordered in the accompanying letter, they are to be paid for in addition on delivery, at regular prices as per price-list. Notes to be made payable at the First National Bank at Fort Wayne, Indiana. Machine to be loaded on cars at Richmond, Indiana, on or before the 27th day of October, 1888, and shipped to Fort Wayne station, county of Allen, State of Indiana. The above machine to be warranted to do as good work in threshing and cleaning grain as any other machine in the United States, with proper management, and to be of good material, and durable with proper care. But it is understood in this warranty that, in case the machine should fail to do as recommended, notice must be given to the manufacturers and their agent, within one week from the date of starting the same, that the

cause may be removed; otherwise they shall not be responsible. Continued use and possession of said articles, after the expiration of the period above named, shall be considered conclusive evidence that they fulfil the warranty in all particulars. Defects or failure in one part shall not condemn any other part. If the above-described machine shall be delivered by any agent of Gaar, Scott & Co., or received by the parties signing this order, or their representative, before full and complete settlement has been made therefor, according to the terms of the above order, all equities and claims under this warranty are thereby waived.

(Signed)     " C. ROSE.<br>" H. D. ROSE."

It is alleged in the first paragraph of the complaint, of which said order is made a part, that the appellant, after the receipt of said order, to wit, on the 27th of October, 1888, delivered the machine therein ordered to the appellees, and that the same was by them accepted; that the appellant has fully performed its part of said contract, but that the appellees have wholly failed and refused to deliver to the appellant said Birdsell Huller, and to execute said notes and mortgage. Wherefore judgment is asked for $500.

The complaint is in two paragraphs, but they are not essentially different.

The appellees answered in four paragraphs, the first of which was a general denial. The paragraph of general denial was withdrawn before trial.

Demurrers filed to the second, third and fourth paragraphs of the answer were sustained as to the second and fourth, and overruled as to the third.

The third paragraph of the answer is as follows:

" The defendants, for third paragraph of answer to plaintiff's complaint, say that they admit the execution of the order set out in the complaint, and that they received on October 25th, 1888, a machine from plaintiff under said order; but that, on delivering said machine, the plaintiff expressly

waived the clause in said contract that is as follows : ' If the above-described machine shall be delivered by any agent of Gaar, Scott & Co., or received by the parties signing this order, or their representative, before full and complete settlement has been made therefor according to the terms of the above order, all equities and claims under this warranty are thereby waived.' That under the terms of the warranty in said order said machine was to do as good work in threshing and cleaning grain as any other machine in the United States, with proper management ; that the defendants, properly managing the same, discovered on the first trial, on the 27th day of October, 1888, that said machine was worthless, and would not perform as good work as any other machine in the United States, but that it failed to hull one-sixth of the grain, and crushed and destroyed another one-sixth, whereas all good machines in the United States of like kind hull all of the grain and do not crush or destroy any portion of the seed ; that defendants immediately, on the 3d day of November, 1888, within one week from said trial, notified plaintiff of the defects in said machine ; that then plaintiff, on two several occasions, to wit, November 23d, 1888, sent out agents to remedy said defects, but that the same were inherent and incurable, and that said machine did worse work on the trials by said agents than when defendants worked said machine ; that because of said machine's failure to fulfil said warranty, it being wholly worthless and valueless, defendants returned on the 30th day of November, 1888, said machine to plaintiff's agent, where they received it, and notified said agent, one Henry Guillion, of their refusal to accept the same, for the reasons aforesaid."

To this paragraph of answer a reply containing three paragraphs was filed, the first of which was a general denial. The substance of the second paragraph of the reply is, that the defendants should be estopped from setting up the alleged breach of warranty, for the reason that at the time of the

purchase of said machine the defendants, in their order therefor, agreed that if said machine was delivered to them by any agent of the plaintiff, or received by defendants or their representative before full and complete settlement had been made according to the terms of said order, all equities and claims under the warranty therein made should thereby be waived.

The substance of the third paragraph of the reply is, that the defendants continued in the possession and use of the machine ordered, more than one week after starting the same, without giving notice to the manufacturers and their agent that the machine did not do as recommended.

Upon the issues thus formed the cause was submitted to a jury for trial, who, with answers to interrogatories submitted to them by the court upon the appellant's motion, returned a general verdict for the appellees.

The appellant moved the court for judgment upon the answers made by the jury to the interrogatories, which motion was overruled, as also a motion by the appellant for a new trial, and judgment was then rendered upon the general verdict for the appellees for costs.

The appellant has assigned as error the overruling of the demurrer to the third paragraph of the answer, the overruling of its motion for judgment upon the answers by the jury to interrogatories, and the overruling of the motion for a new trial.

The only alleged errors directly discussed, however, by the appellant's counsel are the overruling of the appellant's motion for judgment upon the answers of the jury to the interrogatories and the overruling of the motion for a new trial.

The interrogatories and answers thereto are as follows:

" 1. Did not the defendants purchase of the plaintiff a No. 1 Gaar, Scott & Co. Clover Huller, Elevator and Recleaner Side, at and for the sum of $470, and was not the same delivered to the defendants by the plaintiff's agents at

Fort Wayne prior to the commencement of this suit? Answer. Yes.

"2. Did not the defendants agree to pay the plaintiff for said machine before it was delivered to them, by delivering to the plaintiff one Birdsell Huller for the sum of one hundred dollars, and to execute their several promissory notes to the plaintiff for the sum of $185 each, and to secure said notes by a mortgage on said machine? Answer. Yes.

"3. Did defendants not fail to settle for said machine at the time said machine was delivered to them, and have they not ever since failed and refused to do so? Answer. Yes.

"4. Did not the defendants, at the time they purchased said machine and in their written order to plaintiff for the same, agree that if said machine shall be delivered by any agent of Gaar, Scott & Co., or received by the parties signing said order or their representative, before full and complete settlement has been made therefor according to the terms of the order, all equities and claims under the warranty are hereby waived? Answer. They did.

"5. Did not the defendants receive the said machine and take the same into their possession without making any settlement therefor? Answer. Yes.

"6. Was there any express waiver of the clause in the order given for said machine and referred to in question No. 4? Answer. There was.

"7. If there was any express waiver of said clause referred to in question 4 above, by whom was the same waived, and what relation did the party so waiving it sustain to the plaintiff, if any?' Answer. By D. Shardon its agent.

"8. Was said machine returned to the plaintiff? Answer. Yes.

"9. Did the defendants notify the plaintiff of the fact that they had returned the machine? Answer. They did not.

"10. Is it not a fact that the plaintiff's agent by the terms of his appointment had no authority or right to allow

the defendants to take possession of said machine without making full settlement for it in accordance with the terms of their order for the machine?   Answer.   Yes."

The court did not err, upon the facts thus specially found, in overruling the appellant's motion for judgment.

On motions for judgment on the answers to interrogatories, notwithstanding the general verdict, every reasonable presumption and intendment will be indulged in favor of the general verdict; and if, by any reasonable hypothesis, the answers can be reconciled with the general verdict, the latter must stand.   The general verdict necessarily decides all material questions for the party in favor of whom the verdict is returned, and, unless the facts stated in the answers to interrogatories are so clearly antagonistic to the decision impliedly embodied in the general verdict as to be irreconcilable with it, the latter must stand.   The answers to interrogatories override the general verdict only when both can not stand together, the antagonism being such, upon the face of the record, as is beyond possibility of removal by any evidence admissible under the issues in the cause. *Lockwood* v. *Rose*, 125 Ind. 588; *Town of Poseyville* v. *Lewis*, 126 Ind. 80; *Ohio, etc., R. W. Co.* v. *Trowbridge*, 126 Ind. 391; *Rogers* v. *Leyden*, 127 Ind. 50; *Evansville, etc., R. R. Co.* v. *Gilmore*, 1 Ind. App. 468.

For aught that appears from the facts stated in the answers to the interrogatories, Shardon, the appellant's agent, may have been a general agent, and the machine may have been sold by him and the order for the same taken by him as such general agent.   And, although it is found by the jury in their answer to the tenth interrogatory that said agent had no authority or right to allow the appellees to take possession of the machine without full settlement for it in accordance with the terms of the order, it is no where in the answers to the interrogatories found that the appellees had notice in any way, by the terms of the order, or otherwise, of any such limitation upon the agent's authority.

If Shardon was the agent of the appellant to sell all of its machinery of the kind in controversy wherever sold, or to sell generally such machinery for the appellant within a given territory, he would be deemed a general agent to sell the same, and if he made the sale of the machine in question, and waived the clause referred to, as alleged in the third paragraph of the answer, the appellant would be bound by such waiver, notwithstanding restrictions contained in the agent's appointment, or in private instructions to him, provided the appellees did not know that he was exceeding his authority. It is the duty of every person who deals with a special agent to ascertain the extent of his power, but such is not the rule as to a general agent, for persons dealing with him can be presumed to be acquainted only with his general authority. *Longworth* v. *Conwell*, 2 Blackf. 469; *Tomlinson* v. *Collett*, 3 Blackf. 436; *Manning* v. *Gasharie*, 27 Ind. 399; *Fatman* v. *Leet*, 41 Ind. 133; *Cruzan* v. *Smith*, 41 Ind. 288; *Toledo, etc., R. W. Co.* v. *Owen*, 43 Ind. 405; *Dickson* v. *Lambert*, 98 Ind. 487; *Talmage* v. *Bierhause*, 103 Ind. 270; *Anderson* v. *Coonley*, 21 Wend. 278; 1 Parsons Con. (5th ed.) 39, 43; Story Agency (6th ed.), sections 126 to 134.

Under the issues as formed in this cause, it would be competent for the appellees to prove that Shardon was a general agent of the appellant in selling machines; that as such he sold to the appellees the machine named in the order declared on in the complaint; that he waived that clause in the order which is quoted in the third paragraph of the answer; and that when said waiver was made and possession of the machine taken by the appellees without being settled for by them, they had no notice of any limitation upon said agent's authority.

If these facts existed it would follow that the warranty, as given by the appellant in the order, would remain in full force, notwithstanding the possession of the machine by the appellees, and they would then have the right under the third paragraph of the answer to further show as a defence to the

Gaar, Scott & Company *v.* Rose *et al.*

action that the machine contracted for by them was properly tested, that the warranty was broken, and that the machine was, as alleged, of no value whatever.

We think it very plain that there is no irreconcilable conflict between the general verdict and the answers to the interrogatories.

Before noticing the error assigned on account of the overruling of the motion for a new trial, we cite the following authorities which support the form of defence to the complaint interposed by the third paragraph of the answer. We have thought it not improper to do this, in view of what we have already said, although counsel for appellant have not discussed directly the error assigned because of the overruling of the demurrer to the third paragraph of the answer. *Wynn* v. *Hiday,* 2 Blackf. 123, and notes; *Dill* v. *O'Ferrell,* 45 Ind. 268; *Detrick* v. *McGlone,* 46 Ind. 291; *Lafayette Agr'l Works* v. *Phillips,* 47 Ind. 259; *Myers* v. *Conway,* 62 Ind. 474; *Shordan* v. *Kyler,* 87 Ind. 38; *Hillenbrand* v. *Stockman,* 123 Ind. 598; Story Sales (4th ed.), section 425; 1 Parsons Sales (5th ed.), 593; Benjamin Sales, sections 893–901.

The giving of instructions numbered twelve and thirteen by the court upon its own motion is among the reasons assigned for a new trial.

The instructions complained of in no wise conflict with the views expressed in this opinion, as to the effect of a waiver made by a general agent while acting within the general scope of his authority, the party favored thereby having no notice of any limitations upon the agent's authority. We also think the evidence tends to support the general verdict upon all material points.

The conclusion we have reached makes it unnecessary to consider cross-errors discussed by counsel.

The judgment is affirmed, with costs.

Filed Jan. 7, 1892.