No. 13,205.

HOME INSURANCE COMPANY OF NEW YORK v. DAUBEN-SPECK.

INSURANCE.—*Suspension of Company.*—*Promissory Note.*—*Failure of Consideration.*—Where a person contracts for insurance for five years, pays the first year's premium in money, and executes a promissory note, payable in yearly instalments, for the balance, if the company issuing the policy becomes insolvent and suspends business before the expiration of the first year, the note can not be enforced, there being a failure of consideration.

From the Hamilton Circuit Court.

*W. S. Christian* and *I. W. Christian*, for appellant.
*R. R. Stephenson* and *W. R. Fertig*, for appellee.

MITCHELL, J.—Complaint by the Home Insurance Company of New York, as assignee of the American Insurance Company of Chicago, against Daubenspeck, on a promissory note dated the 20th day of July, 1880, stipulating for the payment of sixty dollars in four annual instalments of fifteen dollars each.

The defendant answered, first, by alleging that the note had been delivered to the American Insurance Company as part consideration for a policy of insurance, by the terms of which the company agreed to insure his property for a period of five years from a certain date, at the stipulated price of fifteen dollars per annum; that he had paid the premium for the first year in cash, and executed the note in suit for the premium for the remaining four years.

It was alleged in the answer that before the expiration of the first year the contract of insurance had been cancelled, that the defendant had paid the customary short rates and returned his policy to the company.

The second paragraph set up substantially the same facts as to the consideration, and in respect to the payment of the first year's premium in cash. It was then averred that before the expiration of the first year the American Insurance Company became insolvent, and suspended business, and that the consideration of the note had for those reasons failed. It is contended that the court erred in overruling the demurrer to the second paragraph of answer. The paragraph was clearly good.

There is no basis for the suggestion that the defendant got all he contracted for. He contracted for indemnity against loss or damage to his property by fire, and as a consideration therefor agreed to pay fifteen dollars annually for insurance for five years.

The demurrer admits, however, that the insurance company whose policy he held became insolvent and suspended business before the end of the first year. As a consequence, the company became unable to afford him the indemnity for which he contracted. How can it be said, therefore, that he received what he contracted for, and upon what principle should the defendant now be compelled to pay for that which the insurance company, because of its insolvency and suspension of business, became unable to furnish.

A policy in an insolvent, suspended insurance company is

presumably worthless as a means of indemnity against future loss. The case is not controlled by *Myers* v. *Conway,* 62 Ind. 474.

The evidence fully sustains the finding upon the issue made by the first paragraph of the answer. There was, therefore, no error, even though the second paragraph may not have been proved. If one sufficient and complete defence was proved the finding of the court was proper.

Judgment affirmed, with costs.

Filed June 23, 1888.