## Louchheim *v.* Davies, Appellant.

*Agency—Traveling salesman—Authority to bind principal—Question for jury.*

A traveling salesman having been authorized by defendant to allow to plaintiff, who had made a claim for alleged defects in goods previously sold by defendant to plaintiff, the sum of $50.00 in settlement of the claim, agreed, in consideration of the plaintiff giving him an order for new goods, that his principal should take back the goods alleged to be defective. This contract having been repudiated by defendant, it was

*Held,* That the question of the agent's authority to bind his principal by such an agreement was a question of fact for the jury.

Argued March 23, 1892. Appeal, No. 371, Jan.T., 1891, by defendant, D. Davies, from judgment of C. P. No. 3, Philadelphia Co., Sept. T., 1891, No. 26, on verdict for plaintiffs, Joseph Louchheim et al. Before PAXSON, C. J., STERRETT, GREEN, McCOLLUM and MITCHELL, JJ.

Foreign attachment to recover the price of goods purchased by plaintiffs from defendant and returned as defective.

At the trial the evidence was to the effect that defendant, who was in business in the city of New York, had sold to plaintiff in Philadelphia a number of rubber coats for the price of $312. Some nine months thereafter the plaintiff wrote in reference to these coats, alleging that he had been obliged to dispose of the same at auction and had lost a considerable sum by them. Defendant being anxious to retain plaintiff's good will, directed his son, Clarence Davies, who was employed as a traveling salesman, to allow plaintiffs' $50.00 on account of these goods when he should next be in Philadelphia. The son visited plaintiff's store for the purpose of endeavoring to sell goods, and offered to make the allowance of $50.00 as authorized. Plaintiff claimed that this was not enough and finally induced him to agree to take back the unsold coats. It then appeared that 170 of the original lot of 195 were still in plaintiff's hands. These he shipped to defendant in New York, who refused to receive them and repudiated the contract entered into by his son.

The court charged the jury as follows :

" In this case there can be no dispute that the contract is one which morality required the defendant to carry out, because it was in the line of the duty confided to his son to retain a customer, and therefore the contract made by the son for the purpose of carrying out his duty in this respect is one which morally ought to be carried out, but you must decide not according to principles of morality but according to principles of law.

" [The son was naturally interested in his father's business, and when he comes into the store he is known by the buyer as the son as well as the agent, and it is hardly fair therefore to

consider him in the light of an agent only, but rather in his true light as that of an agent and son.] [1]

" [It is conceded that the dispute in this case as to these coats was of long standing, and it is conceded that the son was authorized to pay fifty dollars to settle the claim, but what I ask you to consider is whether you or any one would or would not have been led to believe that the son was authorized to settle this matter in full by the payment of fifty dollars, or more or less, or in any other way, and if you so find his contract was binding upon the defendant.] [2]

" [There is no evidence that he was not authorized to settle in any other way than by the payment of fifty dollars, and when a man desires to avoid a contract made by his agent he must give such instructions to his agent as will preclude other persons from being misled.] [3] "

The defendant submitted, inter alia, the following points:

" 2. That there is no evidence that Clarence Davies had authority to bind the defendant to accept a return of the coats, and your verdict, therefore, must be for the defendant. *Answer :* I refuse this point. [4]

" 3. That if the jury believe that Clarence Davies had been instructed by the defendant to allow the plaintiff fifty dollars on account of the coats in question, he could not bind the defendant by his agreement to take back the coats, and your verdict must be for the defendant. *Answer :* I refuse this point." [5]

Verdict for plaintiffs for $272 and judgment thereon. Defendant appealed.

*Errors assigned* were, (1–3) the portions of the charge in brackets, quoting them; (4–5) refusing defendant's second and third points, quoting the points.

*Francis I. Gowen,* for appellant, cited Corr v. Greenfield, 134 Pa. 503.

*Emanuel Furth, Jacob Singer* with him, for appellees, cited, Paley on Agency, 199 ; Griswold v. Gebbie, 126 Pa. 365.

PER CURIAM, April 18, 1892:

We are of opinion that the facts of this case justified the instructions of the court. It was for the jury to say, under all

the evidence, whether Clarence Davies had authority to bind the defendant to accept the coats in question.  As there is nothing else in the case, it does not require discussion.

Judgment affirmed.