Ellinger v. Rawlings et al.

Filed April 9, 1895.

---

No. 1,446.

## ELLINGER v. RAWLINGS ET AL.

EVIDENCE.—*When Can Not Be Stricken Out.*—A party examining a witness can not take the chance of a favorable answer and then have the answer stricken out if it does not suit him.

SAME.—*When a Party is Estopped to Object.*—Where one party has gone into a transaction fully, the opposing party has the right to give his version of the same.

SALE.—*Purchase from Sample.—Right of Purchaser to Return When Not Similar to Sample.—Instructions.*—In an action to recover the price of goods sold by samples, it was not error to instruct the jury that it was defendant's duty, upon discovering the defects in the goods, to have returned, or to have offered to return, them immediately, and that unless they did so within a reasonable time thereafter, such failure to so do was a waiver of the right to return, unless such delay was agreed to by the vendor or his authorized agent.

SAME.—*Unreasonable Delay in Returning.*—In such case, an instruction that delay in making return until the season for such goods had commenced or was over was an unreasonable delay, followed by the same exception as above set out, was not erroneous.

From the Madison Circuit Court.

*M. A. Chipman, S. M. Keltner* and *E. E. Hendee,* for appellant.

*J. E. Wiley, W. S. Diven* and *E. B. McMahan,* for appellees.

GAVIN, J.—Appellant sued appellees for goods sold and delivered. They answered payment as to part, and as to the remainder that the goods, cloaks, were sold by appellant, a wholesale merchant, to appellees, retail merchants, from samples; that the goods were to be, and were guaranteed to be, like the samples in all respects, and to be shipped on August 1st, bill to date from November 15th following; that the goods were shipped at different times along from July to November, and many were not of the kind and quality purchased, and were therefore returned.

The jury trial resulted in a verdict for appellees, upon which judgment was rendered over appellant's motion for new trial and exception.

The overruling of the motion for new trial is the only error argued in this court.

There is evidence that appellees purchased most of the goods sued for from appellant through his traveling salesman, MacKelvie, to be delivered August 1st, bill to date November 15th. A later bill was purchased September 19th.

The goods were ordered from samples, and were to be, and were guaranteed to be, similar thereto in all respects.

Instead of being sent all at one time, the goods were delivered in different shipments from time to time. Coming in this way they were not examined with care immediately, but those first received were laid to one side awaiting the arrival of the remainder. About the 15th of September, however, an examination was made, and some considerable amount of the goods found not to correspond to the sample. The traveling man was about due on a return trip, so no information concerning the defects was communicated to appellant, but on the 19th, when MacKelvie returned, he was informed that

only part of the goods were delivered, and that some of these were defective or not such as had been ordered, and was asked whether such goods should be returned at once, or should be retained until all the goods were in, and then make one shipment of all goods of this character. The salesman directed the latter course to be pursued, both as to goods already in and those to come, provided they were reshipped by November 15th. Another order was then given the salesman, and the cloaks in controversy returned on November 15th.

Objection was made to evidence by appellees relating to what was said by MacKelvie to appellees on September 19th concerning the cloaks already delivered. Since appellant had already, by MacKelvie himself, gone into that transaction fully, appellees were certainly entitled to give their version.

On page 61 of the record we find this question, asked by appellant: "Q. You may state what passed between you and Mr. Rawlings or you and Mr. Haines in regard to the cloaks that had been received?"

If the evidence of Lieb is susceptible of the interpretation placed thereon by appellant's counsel, there was still no error in overruling the motion to strike it out. The answer was responsive to the question. No objection was made to the question. Parties can not thus take the chances of a favorable answer and then strike out if the answer does not suit. *Storms* v. *Lemon*, 7 Ind. App. 435.

The record shows the advertisement of November 23d to have been admitted in evidence, not rejected.

Complaint is made because the court, of its own motion, struck out certain parts of a deposition and directed the jury not to consider it, giving to the jury no reason for this action. Counsel claim that the court thereby discredited the witness, and the jury might have under-

stood that the court struck out the evidence because he was not worthy of belief. We do not think there is any reasonable probability, or in fact possibility, that the jury would so regard the action of the court.

The appellant presented to the court instructions in which he asked that the jury be instructed that it was appellees' duty upon discovering the defects in the goods, to have returned, or offered to return, them immediately, and that unless they did so within a reasonable time thereafter, such failure to so do was a waiver of their right to return.

Another instruction asked, directed the jury that delay in making return until the season for such goods had commenced or was over, was an unreasonable delay. The court gave these instructions with the addition of a proviso unless "such delay was agreed to by appellant or his authorized agent." Of the instructions as given, we are of opinion that appellant, at least, has no right to complain.

It is true that the appellant and MacKelvie both testified that MacKelvie was merely a traveling salesman with no authority to settle controversies or receive back goods. Whatever may have been his actual authority, its limitations do not appear to have been known to appellees, and the jury had the right to find from the evidence that it was within, at least, the apparent scope of his authority to give directions as to the time and manner of returning those goods which appellees were, in fact, entitled to return, the direction being given while the purchase and sale were not yet fully consummated by complete delivery and for the purpose, as the jury might reasonably infer, of inducing appellees to permit appellant to go on and carry out the contract of sale so far, at least, as he could or might be disposed to do so.

Whether or not we might be justified in extending the

rule further, we are not called upon to determine, our decision being limited to the case under consideration. It will be observed that under the facts assumed by these instructions the appellees are not compelled to resort to this subsequent arrangement for their right to return the goods, but simply depend upon it to excuse the delay in making such return.

Our attention has not been called to any case where the exact proposition here under consideration has been passed upon. The principles governing the following authorities lead us to the conclusion reached. *Cleveland, etc., R. W. Co.* v. *Closser*, 126 Ind. 348 (365-6); *Talmage* v. *Bierhause*, 103 Ind. 270; *Cruzan* v. *Smith*, 41 Ind. 288 (297); *Springfield, etc., Co.* v. *Kennedy*, 7 Ind. App. 502 (512); *Gaar, Scott & Co.* v. *Rose*, 3 Ind. App. 269; *McCormick Co.* v. *Brower*, 55 N. W. Rep. 537; *Louchheim* v. *Davis* (Penn.), 24 Atl. Rep. 72.

With these views of the law, we can not but hold that there was evidence sufficient to sustain the verdict.

Judgment affirmed.

